MARY M. KANTOR v. HONEYWELL, INC.,
AND ANOTHER.

175 N. W. (2d) 188.

January 16, 1970—No. 41820.

H. D. Buelow, for relator.

Douglas M. Head, Attorney General, Richard H. Kyle, Solicitor General, and Peter C. Andrews, Assistant Attorney General, for respondent commissioner.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Frank T. Gallagher, JJ.

SHERAN, JUSTICE.

Certiorari granted to review a decision of the commissioner of employment security affirming the determination of an appeal tribunal of the Department of Employment Security that relator left her employment at Honeywell, Inc., to live with her husband and was thus disqualified for unemployment benefits under Minn. St. 268.09, subd. 1(2).

Relator was employed by Honeywell at a Minneapolis plant from August 1949 until June 9, 1967. On April 10, 1967, relator and her husband purchased a home and resort in Northome, Minnesota. Later that month relator's husband left the family home to prepare the resort for the May 15 opening of fishing season. Relator remained in the Minneapolis area with their 8-year-old son until the school term ended. Then relator voluntarily terminated her employment with Honeywell, and she and her son joined the husband at Northome. Relator and her husband jointly operated the resort through deer hunting season, and on November 20, 1967, relator, being unemployed, filed a claim for unemployment benefits at the local office of the Department of

Employment Security at Bemidji, Minnesota. Relator appeals from the denial of her claim.

Unemployment benefits under Minn. St. c. 268 are intended to extend to those who through no fault of their own are involuntarily unemployed. Hessler v. American Television & Radio Co. 258 Minn. 541, 104 N. W. (2d) 876; Di Re v. Central Livestock Order Buying Co. 246 Minn. 279, 74 N. W. (2d) 518. Requirements for eligibility are set forth in § 268.08, while § 268.09 provides for the disqualification of certain otherwise eligible employees. The burden of proving that an eligible employee is disqualified under § 268.09 rests with the employer against whom the benefits would be charged. Adelsman v. Northwest Airlines, Inc. 267 Minn. 116, 125 N. W. (2d) 444. It is our policy to view the findings of the employment security commissioner most favorably upon review, and we will not disturb such findings where there is evidence reasonably tending to sustain them. Olson v. Starkey, 259 Minn. 364, 107 N. W. (2d) 386.

The disqualification statute applied by the Department of Employment Security to this claim, § 268.09, subd. 1, reads in part as follows:

"An individual shall be disqualified for benefits:

*   *   *   *   *

"(2)   If such individual * * * voluntarily discontinues her employment for the purpose of visiting or living with her husband, or assuming the duties of a housewife; provided that such disqualification shall be removed by subsequent employment in insured work for a period of not less than six weeks."

■ The record offers sufficient evidence that relator voluntarily discontinued her employment with Honeywell to live with her husband, bringing her within the clear language of the disqualification provision. It is immaterial whether relator on and after June 9, 1967, assumed the duties of a housewife or the duties of a resort operator. We interpret the quoted portion of the statute to provide separate grounds for disqualification of one who

voluntarily discontinues her employment to live with her husband and one who voluntarily discontinues her employment to assume the duties of a housewife. There is no evidence that relator's work at the resort was insured within the meaning of the statute, so relator has not brought herself within the provision for the removal of disqualification.

■ Relator contends that it is a violation of the equal protection clause, U. S. Const. Amend. XIV, for a woman who discontinues her employment in order to better herself economically to be discriminated against because of sex by application of § 268.09, subd. 1(2). In Minneapolis Federation of Teachers v. Obermeyer, 275 Minn. 347, 354, 147 N. W. (2d) 358, 363, we stated:

"When the legislature has determined that a sufficient distinction exists between two classes of persons to justify applying rules to one class which do not apply to the other, such determination is binding upon the courts unless it appears that the distinction is purely fanciful and arbitrary and that no substantial or logical basis exists therefor."

Classification by sex in employment relations has been upheld where the classification bears a reasonable relation to the objects of the legislation. Anderson v. City of St. Paul, 226 Minn. 186, 32 N. W. (2d) 538; 16A C. J. S., Constitutional Law, § 544. The provision that a woman who voluntarily discontinues her employment to live with her husband shall be disqualified for unemployment benefits bears a reasonable and substantial relation to the object of providing benefits for the involuntarily unemployed. The legislature could reasonably have determined that a woman so situated has voluntarily removed herself from the labor market, at least temporarily, and is not entitled to benefits at the expense of her former employer. The classification in question is not arbitrary because it also provides a reasonable means for the removal of disqualification by "subsequent employment in insured work for a period of not less than six weeks."

Affirmed.