EUGENE F. KLEINWACHTER v. DEPARTMENT OF EMPLOYMENT SERVICES.

234 N. W. 2d 822.

October 10, 1975—No. 45309.

*Richards, Montgomery, Cobb & Bassford* and *Jack A. Rosberg,* for relator.

*Warren Spannaus,* Attorney General, *Peter W. Sipkins,* Solicitor General, *Peter C. Andrews,* Assistant Attorney General, and *Frank W. Levin,* Special Assistant Attorney General, for respondent.

PER CURIAM.

Writ of certiorari to review a decision of the commissioner of employment services holding claimant ineligible for unemployment compensation because he is a full-time, self-employed farmer. We reverse and remand with directions.

Claimant's base-period employer was Ziegler, Inc., of Minneapolis.

Claimant worked as a mechanic for Ziegler at a salary of $5.44 per hour from March 21, 1969, to June 29, 1973. While employed by Ziegler, claimant purchased a 400-acre farm near Strandquist, Minnesota, of which 160 to 170 acres are tillable. Although employed full time at Ziegler, claimant still managed to farm his land by working it on weekends.

In June 1973, claimant quit his job at Ziegler and moved to his farm. In July 1973, claimant began a 1-year farm management course at Middle River approved by the Veterans Administration for benefits provided by the Veterans' Readjustment Benefits Act of 1966, 80 Stat. 12, et seq., as amended. As a student in the course, claimant had to attend classes 2 nights a week, 4 hours each night, and receive on-the-farm training at least once a month. Because the course met the statutory test of a full-time course,[1] claimant received a full-time educational assistance allowance each month.

Claimant filed an application for unemployment benefits on August 5, 1973. The commissioner, affirming the appeal tribunal, based his decision that claimant was ineligible for compensation not on the theory that claimant was unavailable for work, but on the theory that claimant was self-employed on a full-time basis and therefore not "unemployed" within the meaning of the act.

Minn. St. 268.04, subd. 23, defines "unemployment" as follows:

"An individual shall be deemed 'unemployed' in any week during which he performs no service and with respect to which no wages are payable to him, or in any week of less than full time work if the wages payable to him with respect to such week are less than his weekly benefit amount. The commissioner may, in his discretion, prescribe regulations relating to the payment of benefits to such unemployed individuals."

The applicable regulation adopted by the commissioner provides as follows:

"(c) No individual shall be deemed to be unemployed in any week in which he

"(1) Devotes his full time to the performance of services for an employing unit or is engaged in self employment regardless of the amount of remuneration paid or payable or earned by him for such services;

"(2) Devotes less than his full time to the performance of services

---

[1] A full-time course involves 10 hours of instruction each week or 440 hours of instruction during the year with not less than 80 hours in any 3-month period. 38 USCA, § 1682(c)(1)(A).

for an employing unit or in self-employment for which services a remuneration is paid, payable, or earned in an amount equal to or more than his weekly benefit amount for total unemployment." Minn. Reg. ES 20(c).

Claimant has not challenged the validity of the regulation: The question is whether there is substantial evidence to support the finding that claimant's self-employment is full time. It appears that the commissioner based his finding, in part, on the fact that claimant was enrolled in a full-time course and therefore presumably was a full-time farmer. We cannot determine whether the commissioner would have found as he did had he not given weight to that fact. Because the record is sketchy on this issue we remand the case to permit the parties to introduce evidence on the scope of claimant's farming activities and his income during the relevant time period. Assuming that claimant can prove that the self-employment during this period was part time, the issue is whether the weekly benefit amount (here $85) exceeded claimant's average weekly net income. Under the regulation, a claimant who is self-employed on a part-time basis may receive benefits but only to the extent of the excess of the weekly benefit amount over the average weekly net income from the self-employment. Claimant will have the burden of proving what his average weekly net income was during this period.[2]

If the commissioner finds that claimant was not fully self-employed during this period and that he was eligible for some benefits, the question is whether claimant was "available for work" during this period. See, Hansen v. Continental Can Co. 301 Minn. 185, 221 N. W. 2d 670 (1974).

Reversed and remanded.

---

[2] The employer has the burden of proving disqualification from benefits under the disqualification provisions of Minn. St. 268.09, Johnson v. Ford Motor Co. 289 Minn. 388, 184 N. W. 2d 786 (1971); Kantor v. Honeywell, Inc. 286 Minn. 29, 175 N. W. 2d 188 (1970), but the claimant should have the burden of proving eligibility. See, 81 C. J. S., Social Security and Public Welfare, § 219.