JEANNE M. PETTERSSEN v.
COMMISSIONER OF EMPLOYMENT SERVICES.

236 N. W. 2d 168.

November 21, 1975—No. 45104.

*Joseph C. Veseley* and *R. Michael Wetherbee,* Minnesota Civil Liberties Union, for relator.

*Warren Spannaus,* Attorney General, *Peter W. Sipkins,* Solicitor General, *Peter C. Andrews,* Assistant Attorney General, and *Frank W. Levin,* Special Assistant Attorney General, for respondent.

Per Curiam.

This proceeding is before the court to review a decision of the commissioner of employment services deferring relator's unemployment benefits because she voluntarily terminated her employment in order to live with her husband in Wisconsin. The principal issue is whether, in the light of recent decisions of the United States Supreme Court, we are required to overrule Kantor v. Honeywell, Inc. 286 Minn. 29, 175 N. W. 2d 188 (1970). We have concluded that those cases do not compel a reexamination of the rule we adopted in Kantor and therefore affirm.

This decision has no precedential value since realtor is the only person asserting a claim under the statute which was in effect at the time she terminated her employment on July 25, 1973.[1] The statute applicable at the time plaintiff terminated her employment was as follows (Minn. St. 1971, § 268.09, subd. 1[2]):

"An individual shall be disqualified for benefits:

&ast; &ast; &ast; &ast; &ast;

"(2) If such individual is separated from his employment because of pregnancy or voluntarily discontinues his employment for the purpose of visiting or living with his spouse, or assuming household duties; provided that such disqualification shall be removed by subsequent employment in insured work for a period of not less than six weeks."

In the hearings before the Department of Employment Services, relator proceeded pro se. The constitutional issues she here raises were not presented to the tribunal below. We are, therefore, reluctant to consider them in depth. Automotive Merchandise, Inc. v. Smith, 297 Minn. 475, 477, 212 N. W. 2d 678, 679 (1973). Nevertheless, we have examined the cases which relator has called to our attention, including Eisenstadt v. Baird, 405 U. S. 438, 92 S. Ct. 1029, 31 L. ed. 2d 349 (1972);

---

[1] The present statute provides in part as follows (Minn. St. 268.09, subd. 1): "An individual shall be disqualified for benefits:

&ast; &ast; &ast; &ast; &ast;

"(2) If such individual voluntarily leaves employment because of pregnancy without availing herself of maternity leave rights provided by law, provided that such disqualification shall be removed by subsequent employment in insured work for a period of not less than six weeks."

This amendment was adopted by L. 1973, c. 599, effective August 1, 1973, under Minn. St. 645.02.

Frontiero v. Richardson, 411 U. S. 677, 93 S. Ct. 1764, 36 L. ed. 2d 583 (1973); Reed v. Reed, 404 U. S. 71, 92 S. Ct. 251, 30 L. ed. 2d 225 (1971); and we have considered as well Geduldig v. Aiello, et al. 417 U. S. 484, 94 S. Ct. 2485, 41 L. ed. 2d 256 (1974); and Kahn v. Shevin, 416 U. S. 351, 94 S. Ct. 1734, 40 L. ed. 2d 189 (1974). We hold that as applied to the facts of this case those decisions do not support relator's contention that she has been denied any constitutional right.

The statute in effect at the time Kantor was decided was as follows (Minn. St. 1969, § 268.09, subd. 1[2]):

"An individual shall be disqualified for benefits:

* * * * *

"(2) If such individual is separated from her employment because of pregnancy or voluntarily discontinues her employment for the purpose of visiting or living with her husband, or assuming the duties of a housewife; provided that such disqualification shall be removed by subsequent employment in insured work for a period of not less than six weeks."

The amendment which applies to the instant case sought to remove any discrimination against women by applying the disqualification to both men and women. However, we held in Kantor (286 Minn. 32, 175 N. W. 2d 190):

"* * * Classification by sex in employment relations has been upheld where the classification bears a reasonable relation to the objects of the legislation. * * * The provision that a woman who voluntarily discontinues her employment to live with her husband shall be disqualified for unemployment benefits bears a reasonable and substantial relation to the object of providing benefits for the involuntarily unemployed. The legislature could reasonably have determined that a woman so situated has voluntarily removed herself from the labor market, at least temporarily, and is not entitled to benefits at the expense of her former employer. The classification in question is not arbitrary because it also provides a reasonable means for the removal of disqualification by 'subsequent employment in insured work for a period of not less than six weeks.'"

Nor are we impressed by the argument that the statute which applies to relator discriminates against married persons in favor of single persons. This is a matter which was not presented to the Department of Employment Services for its consideration, and no opportunity was given to the employer to present evidence or to argue that issue below. We do not deem the issue of sufficient gravity to address ourselves to

it for the first time on appeal. Accordingly, the decision of the commission is affirmed.

Affirmed.