# WILLIAM YKOVCHICK v. PUBLIC SCHOOLS OF MINNEAPOLIS AND OTHERS.

251 N. W. 2d 626.

February 10, 1977—No. 46666.

*Michael Fargione,* Legal Aid Society of Minneapolis, for relator.

*Lindquist & Vennum* and *Jerrold F. Bergfalk,* for respondent Minneapolis Special School District No. 1.

*Kingsley D. Holman,* for respondent Bloomington Public Schools.

*Warren Spannaus,* Attorney General, and *Frank Levin,* Special Assistant Attorney General, for respondent Department of Employment Services.

TODD, JUSTICE.

William Ykovchick placed his name on an "on call" list of substitute teachers in the Bloomington, Minneapolis, and Richfield school districts. He performed such services for each district in

varying amounts of time on a day-to-day basis during the 1973-1974 school year. He indicated his availability for such services during the 1974-1975 school year but nevertheless sought unemployment benefits for the summer of 1974. His claim was denied on the basis of Minn. St. 1974, § 268.08, subd. 5, which precludes such benefits for certain enumerated employees of a school district during the summer months. We affirm.

Ykovchick has been employed for several years as a substitute teacher for each of the defendant school districts. There was no formal contract of employment. Instead, Ykovchick would receive a yearly letter from each school district inquiring as to whether he wished to be a part of the districts' "on call" list of substitute teachers. Ykovchick would communicate his desire and assent to be placed on the "on call" list by submitting an application form furnished by the school district. He was on the list of available substitute teachers and performed such services for each school district during the 1973-1974 school year. In addition, he submitted his application to be included on the list for the 1974-1975 school year in each district and performed substitute teaching services for each district during that year.

On June 2, 1974, Ykovchick filed a claim for unemployment compensation, asking to be paid benefits earned during his employment as a substitute teacher. After his request was denied by the claims deputy, Ykovchick appealed to the appeal tribunal. An individual hearing was held concerning his claim with the Bloomington and Richfield school districts. His appeal with the Minneapolis district was considered in a group hearing involving other teachers' claims. In each instance, the decision of the claims deputy denying Ykovchick benefits pursuant to § 268.08, subd. 5, was affirmed by the appeal tribunal. Upon appeal, the commissioner of the Department of Employment Services affirmed the denial of benefits. The matter is before this court on writ of certiorari.

The sole issue is whether Ykovchick, a substitute teacher employed on an "on call" basis, is eligible to receive unemployment

compensation benefits during the summer months, when teaching services are not normally performed, pursuant to the provisions of Minn. St. 1974, § 268.08, subd. 5, which provides:

"Effective January 1, 1974, benefits based on service in employment defined in section 268.04, subdivision 12, clauses (7), (8), and (9), shall be payable in the same amount, on the same terms and subject to the same conditions as compensation payable on the basis of other service subject to this law except that, * * * (b) benefits based on wage credits earned in the employment of a public school, shall not be paid to an individual during any period between two successive school years when the activity in which the wage credits were earned is not normally performed. This provision shall not apply to any individual who, prior to the end of a school year, has voluntarily left or has been indefinitely separated from such employment. For the purposes of this clause, school year means that period established by a school board in accordance with Minnesota Statutes 1971, Section 126.12."

■ Initially, we hold that Ykovchick is an individual seeking to establish eligibility under the statute. It is the rule in Minnesota that while the employer has the burden of proving the applicability of a disqualification provision (Johnson v. Ford Motor Co. 289 Minn. 388, 184 N. W. 2d 786 [1971]; Kantor v. Honeywell, Inc. 286 Minn. 29, 175 N. W. 2d 188 [1970]), the claimant has the burden of proving eligibility under the unemployment compensation statutes. Kleinwachter v. Dept. of Employment Services, 305 Minn. 568, 234 N. W. 2d 822 (1975); Adelsman v. Northwest Airlines, Inc. 267 Minn. 116, 125 N. W. 2d 444 (1963); see, generally, 81 C. J. S., Social Security and Public Welfare, § 219. Thus, in the present case, Ykovchick has the burden of proving his eligibility under § 268.08, subd. 5.

■ Ykovchick contends that the evidence establishes that he has been indefinitely separated from his employment within the meaning of the statute. He stresses the fact that after he had per-

formed one day's work on an "on call" basis, neither he nor his employer could determine when his services would again be required. Therefore, Ykovchick argues, he is indefinitely separated from his employment, qualifying him for payment of benefits during the summer recess. We decline to accept such an interpretation of the applicable statutory language since it ignores the facts of the situation. The position Ykovchick sought was that of a substitute teacher which by its very nature involves sporadic employment. The California Court of Appeal in considering the position of an intermittent employee in Smith v. Unemployment Ins. Appeals Bd. 52 Cal. App. 3d 405, 409, 125 Cal. Rptr. 35, 38 (1975), reflects the views of this court when it said:

"In denying coverage, the appeals board pointed out that the layoff procedure is inappropriate to the situation of the intermittent employee. The latter knowingly accepts a position involving sporadic work on call from the employer; when, through lack of need or lack of budget, the work calls drop below past or accustomed weekly levels, no layoff in the sense of the Civil Service Act occurs, because the employee is never separated from the state civil service. Rather, he retains precisely the civil service position he originally accepted, remaining available for whatever sporadic work his employer's needs require. The present claimants had never received notice of layoff."

The record clearly establishes that Ykovchick was employed by the respective school districts as a substitute teacher both at the end of the 1973-1974 school year and the beginning of the 1974-1975 school year. Being so employed, he clearly is within the statutory exclusion specified in § 268.08, subd. 5.

We find no merit in Ykovchick's reliance on several Minnesota cases which examine an individual's status under the teacher tenure statutes. We are not considering a claim of tenure in this case, but rather the status of an individual employed as a substitute teacher in relation to the unemployment compensation statutes. Ykovchick's employment remained unchanged during

the specific school years in question and thus he is precluded from receiving benefits during the summer months under the provisions of our statute.

Affirmed.

MR. CHIEF JUSTICE SHERAN took no part in the consideration or decision of this case.