Lisa MARZ, Relator,

v.

DEPARTMENT OF EMPLOYMENT SERVICES, Respondent,

University of Minnesota Hospitals and Clinics, Respondent.

No. 47103.

Supreme Court of Minnesota.

July 1, 1977.

Daniel R. Shulman and Stephan J. Snyder, Minneapolis, Branch NAACP Legal Redress Committee, Minneapolis, for relator.

Warren Spannaus, Atty. Gen., Richard B. Allyn, Sol. Gen., Peter C. Andrews, Asst. Atty. Gen., Frank W. Levin, Sp. Asst. Atty. Gen., St. Paul, for Dept. of Emp. Services.

R. Joel Tierney, University Atty., John E. Diehl, Associate, Minneapolis, for Univ. of Minn.

Heard before TODD, MacLAUGHLIN and YETKA, JJ., and considered and decided by the court en banc.

YETKA, Justice.

Review on writ of certiorari to the Department of Employment Services of a decision of its commissioner denying the relator's application for unemployment benefits. We reverse and remand.

This appeal presents two issues:

(1) Once an employee is found to be otherwise eligible for benefits under the Minnesota Employment Services Law, whether the employer or the employee has the burden of establishing by a preponderance of the evidence that the employee falls within one of the disqualifications of Minn.St. 268.09.

(2) Whether voluntary termination of employment by an employee on the basis of racial discrimination constitutes "good cause attributable to the employer" under Minn.St. 268.09.

Lisa Marz (Marz) began working for the University of Minnesota Hospitals (hospital) as a medical technologist on November 4, 1974. Seven months later she terminated her employment, giving racial discrimination as the reason. When she sought unemployment benefits, the hospital claimed the voluntary quit exemption under Minn.St. 268.09, subd. 1(1).[1]

A claims deputy for the Department of Employment Services found the exemption applied. Marz appealed the decision to the department's appeal tribunal and a hearing was held. The tribunal placed the burden of persuasion with respect to disqualification for benefits on Marz. In part, the tribunal stated:

"The *claimant has failed to show* a good cause attributable to the employer for the voluntary separation from work.

"Having considered all of the evidence presented at the hearing the tribunal con-

---

1. Minn.St. 268.09, subd. 1, provides in part: "An individual shall be disqualified for benefits:

"(1) Voluntary leaving or discharge for misconduct. *If such individual voluntarily and without good cause attributable to the employer discontinued his employment with such employer* or was discharged for misconduct, not amounting to gross misconduct, connected with his work or for misconduct which interferes with and adversely affects his employment, if so found by the commissioner, for not less than five nor more than eight weeks of unemployment in addition to and following the waiting period, or was discharged for gross misconduct connected with his work or gross misconduct which interferes with and adversely affects his employment, if so found by the commissioner, for 12 weeks of unemployment in addition to and following the waiting period, which disqualification shall not be removed by subsequent employment, and provided further that the commissioner is empowered to impose a total disqualification for the benefit year and to cancel part or all of the wage credits from the last employer from whom he was discharged for gross misconduct connected with his work, and the maximum benefit amount payable to such individual shall be reduced as follows:" (Italics supplied.)

cludes that *the claimant has not shown that she was discriminated against by her supervisor during the course of her employment.*" (Italics supplied.)

Subsequently Marz appealed to the commissioner of employment services. The commissioner adopted the findings of the tribunal and denied the appeal, stating:

"In the instant case the employer contended and the claimant agreed that she had voluntarily discontinued her employment. *The burden is on the claimant to prove that she had good cause for doing so. The claimant has not sustained this burden.*" (Italics supplied.)

On this review by certiorari, Marz contends the Department of Employment Services incorrectly placed the burden on her to prove she terminated her employment for good cause attributable to the employer.[2]

This court repeatedly has stated that the employer has the burden of proving *disqualification* of otherwise eligible employees. Most recently, in *Ykovchick v. Public Schools of Minneapolis,* Minn., 251 N.W.2d 626, 628 (1977), this court stated:

"\* \* \* It is the rule in Minnesota that \* \* \* the employer has the burden of proving the applicability of a disqualification provision (*Johnson v. Ford Motor Co.,* 289 Minn. 388, 184 N.W.2d 786 [1971]; *Kantor v. Honeywell, Inc.,* 286 Minn. 29, 175 N.W.2d 188 [1970])."

Numerous other decisions are to the same effect. See, *Kleinwachter v. Department of Employment Services,* Minn., 234 N.W.2d 822, 824, note 2 (1975); *Lumpkin v. North Central Airlines, Inc.,* 296 Minn. 456, 459, 209 N.W.2d 397, 400 (1973); *Johnson v. Ford Motor Co.,* 289 Minn. 388, 403, 184 N.W.2d 786, 796 (1971); *Kantor v. Honeywell, Inc.,* 286 Minn. 29, 31, 175 N.W.2d 188, 190 (1970); *Adelsman v. Northwest Airlines, Inc.,* 267 Minn. 116, 123, 125 N.W.2d 444, 449 (1963).

In support of an opposite rule, the department relies on two decisions, *Fannon v. Federal Cartridge Corp.,* 219 Minn. 306, 18 N.W.2d 249 (1945), and *Lewis v. Minneapolis Moline, Inc.,* 288 Minn. 432, 181 N.W.2d 701 (1970). Neither case, however, is in point. The *Fannon* decision was decided prior to the consistent recent holdings of this court. The *Lewis* decision merely concluded that the hearing officer need not make detailed findings whether there was "good cause"; it did not change the burden of proof.

It is apparent to us that the legislative intent with respect to Minn.St. 268.09 was to provide that when an employee voluntarily quits his job, and this fact has been established by the employer, the employer has sustained the statutory burden of disqualification by showing the employee has voluntarily left his employment. The burden then shifts to the employee to show good cause attributable to the employer for leaving the employment. Racial discrimination is such a cause. See, *James v. Unemployment Compensation Bd. of Review,* 6 Pa.Cmwlth. 489, 296 A.2d 288 (1972).

The record in this case is not extensive. Marz appeared pro se before the appeal tribunal and testified she quit because of racial discrimination, explaining she had not been allowed to work on various laboratory boards, unlike two white medical technologists hired after her. Also, she testified she complained of the situation to her supervisor but was given no explanation. On cross-examination, Marz testified her chief supervisor told her job assignments were within the discretion of the supervisors. The hospital called no witnesses itself. However, Marz' supervisor was examined by Marz and testified the technologists were not usually assigned to all the tests on the first rotation through a department. Marz then testified she had worked in each of the departments several times but still had not been allowed to do the work of a medical technologist. On the basis of this testimony the tribunal found Marz "discontinued her employment because she was dissatisfied with the manner in which she was treated by her supervisor."

2. The parties do not dispute Marz is otherwise qualified to receive benefits.

On appeal, this court is thus asked to review a record which is both short and conflicting. Thus, the case is remanded for a retrial of all issues. Once the employer has proven that the employee voluntarily left the employment, the employee must sustain the burden of proof that she left employment with good cause attributable to the employer. Moreover, once the employee presents a prima facie case that she had good cause attributable to the employer for leaving, the employer should have an opportunity to rebut by calling witnesses of its own.

Reversed and remanded.