**Larry J. CHRISTENSEN, Respondent,**

v.

**FIBERITE CORP., Relator,**

**Commissioner of Employment Services, Respondent.**

**No. 47706.**

Supreme Court of Minnesota.

June 16, 1978.

Goldberg, Torgerson, Brewer & Kellum and Wayne Pflughoeft, Winona, for relator.

Larry Christensen, pro se.

Warren Spannaus, Atty. Gen., Richard B. Allyn, Sol. Gen., Peter Andrews, Asst. Atty. Gen., William G. Brown, Spec. Asst. Atty. Gen., St. Paul, for Commissioner of Employment Services.

PER CURIAM.

Relator, Fiberite Corporation, obtained a writ of certiorari to review a decision of the commissioner of the Department of Employment Services filed on March 30, 1977. We reverse.

Claimant, Larry J. Christensen, was hired by relator on August 13, 1974, as a general

laborer. He served the customary probationary period before formally joining the Teamster's Union; by virtue of that membership, he became subject to the conditions of the collective bargaining agreement containing the following provision:

"Laid off employees shall be notified by registered mail addressed to the employee's last known address to return to work, and he or she must report to work within a week after receipt of such notice or lose all seniority rights." Art. VI, Sec. 3.

Upon claimant's first layoff from employment on October 28, 1974, he completed the "Recall from lay-off" form provided to and required of all employees by relator. The form notified the employee that:

"It is very important that we have your current address and phone number for re-call purposes. If you do not have a phone, try to provide a phone number of a relative, friend or neighbor so that we can leave a message. Also inform the party that they could receive a message for you regarding a call back to work."

Claimant was rehired on a "call back" on November 27, 1974.

The second layoff, upon which this claim petition is predicated, occurred on February 14, 1975. Claimant again completed the recall form, listing a Winona, Minnesota, address as his current address. On June 24, 1975, approximately 4 months after the layoff, relator mailed a registered recall letter to claimant's Winona address. As claimant had moved to Minneapolis during the interim without notifying relator, the letter was returned without delivery. Relator's subsequent attempts to contact claimant through his father and by another registered letter to a Minneapolis address were also unsuccessful.

Upon claimant's petition, the commissioner held that, although relator had made every reasonable effort to locate claimant, the latter's move to Minneapolis without notification did not constitute a disqualifying event because he had no opportunity to refuse an offer of reemployment. The unemployment compensation benefits were charged against relator's experience rating account, and this appeal followed.

■■■ Relator essentially argues that claimant's conduct constituted a statutory disqualification since it was unable, despite extraordinary efforts, to notify him of its reemployment offer. It relies upon Minn.St. 268.09, subd. 1, which enumerates the situations in which a claimant may be disqualified from receiving benefits and provides in pertinent part:

"(1) If such individual voluntarily and without good cause attributable to the employer discontinued his employment with such employer * * *.

* * * * * *

"(4) If the commissioner finds that he has failed, without good cause, either to apply for available, suitable work when so directed by the employment office, or the commissioner or to accept suitable work when offered him, * * *."

The purpose of these provisions is to disqualify an employee whose unemployed status is volitional and not a result of circumstances beyond his control. While we have liberally construed these provisions where the spirit and purpose of our unemployment compensation statutes would be furthered,[1] a construction which would place an unreasonable burden on an employer does not advance the purpose of the statute and should be avoided. Here, it was the employee's conduct in failing to provide sufficient information of his whereabouts which prevented the employer from reaching him. His unemployed status was the result of his own neglect and not because of facts and circumstances which he was powerless to

---

1. *Di Re v. Central Livestock Order Buying Co.,* 246 Minn. 279, 74 N.W.2d 518 (1956)—employees refused to accept employment with a parent corporation; *Fannon v. Federal Cartridge Corp.,* 219 Minn. 306, 18 N.W.2d 249, 158 A.L.R. 389 (1945)—termination for sickness caused by the employment; *Hanson v. IDS Properties Management Co.,* 308 Minn. 422, 242 N.W.2d 833 (1976)—refusal of employer to withhold union initiation fee pursuant to authorization signed by the employee.

control. Accordingly, we hold his actions constitute a voluntary termination, disqualifying him from immediate benefits and precluding benefits paid or subsequently due the employee from being charged against the employer's experience rating account. § 268.09, subd. 1(1, 3).

Reversed.

SCOTT, Justice (dissenting).

I dissent from the holding of the majority on the basis that the "well-established rule that where there is evidence tending to support the findings of the commissioner they will not be disturbed on review," *Olson v. Starkey,* 259 Minn. 364, 373, 107 N.W.2d 386, 392 (1961), is being disregarded. Instead, the majority seems to base its ruling on the possibility of an unreasonable burden on the employer if the Commissioner of the Department of Employment Services is affirmed; the burden being therefore placed upon the employee.

Minn.St. 268.09, subd. 1, enumerates the situations in which a claimant may be disqualified from receiving benefits and provides in pertinent part:

"(1) * * * If such individual voluntarily and without good cause attributable to the employer discontinued his employment with such employer * * *.

*    *    *    *    *    *

"(4) If the commissioner finds that he has failed, without good cause, either to apply for available, suitable work when so directed by the employment office, or to accept suitable work when offered him, * * *."

It appears that the relator has clearly failed to sustain his burden of establishing the claimant's disqualifications within the statute applicable. *Ykovchick v. Public Schools of Minneapolis,* Minn., 251 N.W.2d 626 (1977). While the claimant's conduct in failing to notify his employer of a current address is less than exemplary, the relator has failed to establish that that conduct is tantamount to a disqualifying act. There is no evidence that the claimant refused to accept the offer of reemployment, that he had knowledge of the offer, or that he purposely secreted himself to prevent the relator from contacting him with the offer. It is difficult to conceive the reasoning of the majority in expanding the applicable statute and placing a further burden on the unfortunate working person who may be already emotionally and financially crushed by the layoff, when "[t]his court has repeatedly said that the act is intended to benefit persons who are unemployed through no fault of their own and who are genuinely attached to the labor market." *Olson v. Starkey, supra.*

All parties agree that the disqualifying event contained in § 268.09, subd. 1(6),[1] did not occur in the instant proceeding, in that the claimant never received an offer of suitable reemployment and, therefore, there was no statutory refusal. The commissioner, in granting the claim petition, so found. It would appear that relying upon the accepted standard of review, i. e., whether the record reasonably sustains the decision, the commissioner should be affirmed. An opposite result would have the effect of requiring the claimant to either remain in the Winona area for an unreasonable period of time or of attributing "fault" to him for moving to a potentially better labor market.

Even though it may appear that the claimant was entirely remiss in failing to notify relator of his current address, this failure should not be exaggerated so as to constitute a disqualifying act. Focusing upon an application of our stated standard of review, the commissioner properly determined that the claimant had not disqualified himself from eligibility for unemployment compensation benefits. The majority

1. Minn.St. 268.09, subd. 1(6), provides: "Refusal of suitable reemployment. If such individual has failed without good cause to accept suitable reemployment offered by a base period employer. Such disqualification shall prevail for the week in which the failure occurred and for a period of seven weeks of unemployment following such failure, provided such disqualification shall not apply if such individual is in training with the approval of the commissioner."

is setting a new course based on less than compelling need.

WAHL, Justice (dissenting).

I join the dissent of Mr. Justice SCOTT.