Jack BIX, Respondent,

Minnesota Department of Employment Services, Respondent,

v.

ALLIED PARKING, INC., Relator.

No. 48290.

Supreme Court of Minnesota.

Aug. 25, 1978.

Smith, Juster & Feikema and Allen H. Gibas, Minneapolis, for Relator.

Jack Bix, pro se.

Warren Spannaus, Atty. Gen., Richard B. Allyn, Sol. Gen., Peter C. Andrews Asst. Atty. Gen., Frank W. Levin, Sp. Asst. Atty. Gen., St. Paul, for respondent.

PER CURIAM.

Writ of certiorari to review the decision of the commissioner of employment services reversing the decision of the appeal tribunal which had affirmed the claims deputy's decision denying benefits on the ground the claimant, Jack Bix, voluntarily separated from his employment.

The relationship between the parties originated when Albert Bix, the brother of claimant, interested relator, Allied Parking, Inc., in a lease of a parking lot facility located in Minneapolis. Ultimately, Allied entered into a lease of the lot from the State of Minnesota.

In the early stages of the operation an individual was engaged to handle the day-to-day operation of the lot. Under what circumstances claimant became involved in the operation is not clear in the evidence. The record does show that he became manager of the lot. He was paid at an hourly rate and received one-half of the profits. As an accommodation, claimant was subject to withholding for income taxes and received wage credits for social security. Allied had the necessary license and insurance to operate the facility and also provided the necessary bookkeeper. There was no evidence as to how the profits were determined, but it was agreed that claimant and Allied each receive one-half of the profits.

After operating the lot for 2 years the business was not doing well. It was mutually agreed that Allied would notify the state that they would terminate the lease unless the state reduced the rent. Upon receipt of the notice the state terminated the lease.

Claimant, upon termination of the lease, claimed he was unemployed. He filed a claim for benefits. His statement in the claim petition reads as follows:

"I consider myself to be in lay-off status because of a change in ownership. This employer and I had an agreement where we would act as a partnership. This employer would pay me wages as a regular employee but I would also receive part of the profits from the lot. Allied originally leased the lot from a party in New York. However, in 1974, the State of Minnesota bought the lot from the New York interest. Then, we had to lease from the State of Minnesota. However, we found that the $1550 a month we had to pay to lease was getting to be too much. We wrote a letter to the state saying that if we didn't get our lease rates lower, we would go out of business. The state refused to lower the rates, so we had to quit. Later, I attempted to rent the lot back through a sealed bid process but was outbid by $50.00 per month."

The claims deputy denied the claim. This denial was affirmed by the appeal tribunal holding:

"From the sworn testimony adduced at the hearing it appeared to the tribunal that the claimant was in some regards an employee but he was more of an informal partner and was a party to his own termination of employment.

"It would be inequitable to find that the named employer here be saddled with the claimant's unemployment compensation benefits when it was only a nominal or accommodation lessee for name purposes even through said employer did share in the profits.

"Principally the claimant terminated himself and is a voluntary separatee."

On appeal the representative of the commissioner amended the findings and ordered that benefits be paid and charged to Allied's experience rating. The representative of the commissioner held in part: "The employer herein was the lessee of the lot and could continue or discontinue the operation of said lot as they chose irrespective of any assent or dissent on the part of the claimant." The representative of the commissioner held that claimant was an employee and was involuntarily separated from his employment upon termination of the lease.

Both parties appeared before the appeal tribunal without counsel. Allied made statements indicating that claimant was considered a partner in the operation. Whether the performance of the services here involved created the relationship of master and servant was not fully explored. Under the Employment Security Act, Minn.St. c. 268, unemployment benefits must have as their basis the previous existence of the relationship of master and servant. Minn.St. 268.04, subd. 12(1). *Rochester Dairy Co. v. Christgau,* 217 Minn. 460, 14 N.W.2d 780 (1944). On appeal this court is asked to review a record which is incomplete. Accordingly the case is remanded for a retrial. See, also, *Marz v. Dept. of Employment Services,* 256 N.W.2d 287 (Minn.1977).

Reversed and remanded.

OTIS, J., took no part in the consideration or decision of this case.