Dale E. HANKA, Relator,

v.

The HARDWARE, Respondent,

and

Commissioner of Economic Security, Respondent.

No. C9–83–1579.

Court of Appeals of Minnesota.

Jan. 25, 1984.

Dale E. Hanka, pro sé.

The Hardware, pro se.

Hubert H. Humphrey, III, Atty. Gen., Laura E. Mattson, Sp. Asst. Atty. Gen., St. Paul, for Com'r of Economic Sec.

Considered and decided by PARKER, P.J., and WOZNIAK and LANSING, JJ., with oral argument waived.

OPINION

LANSING, Judge.

Dale Hanka was employed by The Hardware, a retail hardware store, from May 1, 1974, through April 30, 1983. The Hardware was solely owned by Hanka Enter-

prises Corporation (Hanka Enterprises), which was created for the purpose of operating a retail sales hardware store. All of the shares of Hanka Enterprises are owned by Carolyn Hanka, Dale Hanka's wife. The Hardware was an ongoing business acquired by Hanka Enterprises on May 1, 1974, and sold on May 2, 1983. Carolyn Hanka contributed all of the assets to Hanka Enterprises, and served as chairman of the board of directors, vice president and secretary of the corporation. Dale Hanka was one of the incorporators of the corporation, and served as the other member of the board of directors, president and treasurer of the corporation. He made no financial contribution to the assets.

Dale Hanka testified that he was employed as manager of The Hardware and received a salary of $14,698.04 during the last year of operation. The business lost money in 1981 and 1982. When it was sold on May 2, 1983, Dale Hanka was involved in the discussions about the sale of the business, but Carolyn Hanka made the actual decision based on the financial condition of the business. There was no contrary evidence. Dale Hanka also testified that Carolyn Hanka wrote the checks, prepared the payroll, kept the books and made the hiring decisions. Dale Hanka was in charge of ordering inventory and arranging advertising and promotion.

Dale Hanka made a claim for unemployment benefits on May 15, 1983. A request for wage and separation information was sent to The Hardware in care of Carolyn Hanka. The completed form was signed by Carolyn Hanka and Dale Hanka's eligibility for benefits was not disputed by The Hardware. On June 24, 1983, a claims deputy denied the claim for benefits after determining that Dale Hanka voluntarily quit his employment without good cause attributable to the employer. The deputy found that Dale and Carolyn Hanka voluntarily decided to cease business operations by selling the business. On appeal, the appeal tribunal affirmed the decision of the claims deputy. In its reasons for decision, the appeal tribunal said "there are circumstances where the corporation and an employee of the corporation * * * may be one and the same; in which case the employer-employee relationship does not exist within the meaning of [the] law." The tribunal concluded that the claimant and his wife were both employers and employees and the claimant's separation from employment must be deemed voluntary on his part. The commissioner affirmed the decision of the appeal tribunal.

The commissioner recognized that Dale Hanka "was not technically the owner of the corporation" but said that

> It certainly appears that the claimant and his wife were effectively co-managers of the business, and it is simply impossible to believe that the claimant's wife made the decision to sell on her own without the concurrence and acquiescence of the claimant.

The commissioner's brief properly sets forth the two-step process that must be followed when there is a dispute regarding disqualification under Minn.Stat. § 268.09, subd. 1 (1982):

> Unemployment disputes arising out of this statute are resolved through a two-step process. First "the employer has the burden of proving disqualification of otherwise eligible employees." *Marz v. Department of Employment Services*, 256 N.W.2d 287, 289 (Minn.1977). If the employer is successful in going forward with this burden, the employee, to avoid disqualification from receiving unemployment compensation benefits, bears "the burden of establishing that he discontinued his employment for good cause attributable to the employer." *Zepp v. Arthur Treacher Fish & Chips, Inc.*, 272 N.W.2d 262 (Minn.1978).

■ Although this case is not the usual one where the employer is an adversary in the dispute, the initial burden of proof requirement must still be fulfilled. The Department has a responsibility to develop the facts to the extent necessary to show disqualification of an otherwise eligible employee.

■ Dale Hanka performed services in insured work and is an otherwise eligible employee for purposes of the statute. Without properly addressing the first step of the two-step process, the commissioner's brief concludes that Dale Hanka failed to meet his burden, and cites two Wisconsin Supreme Court cases to support his conclusions: *Fish v. White Equipment Sales & Service, Inc.*, 64 Wis.2d 737, 221 N.W.2d 864 (1974) and *Hanmer v. State*, 92 Wis.2d 90, 284 N.W.2d 587 (1979). The holdings of the Wisconsin cases applied to the facts in this case do not satisfy the Department's initial burden of proof.

The Wisconsin cases establish that if *stockholders* decide to terminate a business, the decision will be viewed as a voluntary termination. The claims for benefits that were disallowed were made by an employee who owned all of the stock in the first case and two employees who each owned 50 percent of the stock in the second case. Dale Hanka was not a stockholder. Although the evidence showed that he was a director of the corporation, no finding was made on this fact. The commissioner relies on Dale Hanka's status as an officer of the corporation and his participation in the discussions surrounding the sale of the business to show that he had the degree of control over the corporate affairs necessary to render his separation voluntary.

Reviewed in a light most favorable to the decision of the commissioner, the evidence does not reasonably tend to support the findings. *White v. Metropolitan Medical Center*, 332 N.W.2d 25 (Minn.1983). Officers of a corporation are considered employees under the unemployment compensation statute. Minn.Stat. § 268.04, subd. 12(1). As an officer of the corporation and manager of the business, it would be anticipated that Dale Hanka would participate in discussions about the financial condition and problems of the business. These discussions alone do not elevate him to the role of decision-maker and employer. The commissioner's conclusory statement that "it is simply impossible to believe that the claimant's wife made the decision to sell on her own without the concurrence and acqui-

escence of the claimant" is unpersuasive. There is no indication of how the commissioner formed this conclusion. This court should not be expected to accept questionable assumptions as a substitute for specific findings based on the facts of each case.

In *Bix v. Allied Parking, Inc.*, 270 N.W.2d 21 (Minn.1978), the Supreme Court said that the commissioner must fully explore whether the services performed created a master-servant relationship. The court said:

> Under the Employment Security Act, Minn.St. c. 268, unemployment benefits must have as their basis the previous existence of the relationship of master and servant. Minn.St. 268.04, subd. 12(1). *Rochester Dairy Co. v. Christgau*, 217 Minn. 460, 14 N.W.2d 780 (1944). On appeal this court is asked to review a record which is incomplete. Accordingly the case is remanded for a retrial. See, also, *Marz v. Dept. of Employment Services*, 256 N.W.2d 287 (Minn.1977).

*Bix*, 270 N.W.2d at 23.

■ During the hearing, Dale Hanka attempted to introduce evidence which included a list of assets contributed by Carolyn Hanka to capitalize the corporation and other records. He has since provided copies of the minutes of the meetings of the Board of Directors, including the July 26, 1982, meeting where the decision to sell the business was made. These exhibits were not received and consequently cannot be reviewed as part of the record on appeal. This is evidence that may be considered on remand. The record as it now stands is incomplete. The evidence is insufficient to support the commissioner's findings, and we remand for additional evidence and new findings to determine whether Dale Hanka's relationship to the business was one of master and servant or not.

Remanded.