**ARMAR CORPORATION, Relator,**

v.

**Diana MALINSKI, Respondent,**

**Commissioner of Economic Security, Respondent.**

**No. C0–84–1805.**

Court of Appeals of Minnesota.

Feb. 12, 1985.

Joel Anthony Cich, Mankato, for relator.

Diana Malinski, pro se.

Laura E. Mattson, Sp. Asst. Atty. Gen., St. Paul, for respondent Com'r of Economic Sec.

Considered and decided by PARKER, P.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Relator Armar Corporation contends that claimant Diana Malinski voluntarily terminated her employment and is disqualified from receiving unemployment compensation pursuant to Minn.Stat. § 268.09, subd. 1(1) (Supp.1983). The Commissioner of Economic Security determined that Malinski was involuntarily discharged for reasons other than misconduct and was not disqualified from receiving unemployment compensation benefits. We affirm.

## FACTS

Respondent was employed by Armar Corporation from February 7, 1984, through June 7, 1984, as a computer operator. During the two weeks prior to respondent's termination, a conflict developed between respondent and a co-worker. Both workers had been warned that further altercations would result in a three-day suspension.

On June 7, 1984, respondent submitted her resignation letter to Armar. Armar returned the letter and requested that respondent attend a meeting with her supervisor, the co-worker, the co-worker's supervisor, and the corporation president. After a heated discussion, the co-worker tendered her resignation and left the meeting. Armar told respondent that, unless the two could settle their differences that afternoon, both resignations would be accepted.

Respondent was willing to attempt to resolve the matter, but the co-worker refused to work towards a reconciliation. Respondent then left Armar's premises and did not return to work after June 7, 1984.

Respondent filed a claim for benefits effective June 10, 1984. A department referee affirmed a determination of a claims deputy that Armar discontinued respondent's employment without good cause attributable to employer and respondent was disqualified from receiving benefits. The decision of the department referee was reversed by the Commissioner who ruled that respondent was involuntarily separated from her employment for reasons other than misconduct and was, therefore, not disqualified from receiving benefits.

## ISSUE

Was the termination of respondent's employment with Armar Corporation voluntary so as to disqualify respondent from receiving unemployment compensation benefits?

## ANALYSIS

This court's scope of review is limited. In an economic security case:

> The narrow standard of review requires that findings be reviewed in the light most favorable to the decision, and if there is evidence reasonably tending to sustain them, they will not be disturbed.

*White v. Metropolitan Medical Center*, 332 N.W.2d 25, 26 (Minn.1983). Because of this narrow scope of review, this court is "not privileged to weigh the evidence and make a proper determination as to where the preponderance lies." *Nyberg v. R.N. Cardozo and Brother, Inc.*, 243 Minn. 361, 364, 67 N.W.2d 821, 823 (1954).

■ Minn.Stat. 268.09, subd. 1(1) (Supp. 1983), disqualifies from the receipt of unemployment compensation benefits any employee who voluntarily discontinues his employment without good cause attributable to his employer. The employer has the burden of proving disqualification of otherwise eligible employees. *Marz v. Department of Employment Services*, 256 N.W.2d 287, 289 (Minn.1977).

■ There is no dispute that respondent submitted a letter of resignation for reasons unrelated to her employer. Her stated reason for quitting was a personal conflict with another employee. The record supports the finding of the Commissioner that Armar did not accept her resignation, however, and instead attempted to reconcile the two employees. At that meeting, the co-employee resigned and respondent was instructed to work things out or her resignation would be "accepted." When she was unable to work things out with her co-employee, respondent left work and did not return. There is adequate evidence in the record to support the determination of the Commissioner that the termination occurred as a result of action taken by the employer in stating to Malinski that a previously rejected letter of resignation would be "accepted."

■ The question of whether a termination is voluntary or involuntary is a question of fact. *Larson v. Pelican Lake Nursing Home*, 353 N.W.2d 647, 648 (Minn.Ct.App.1984). It is determined "not by the immediate cause or motive for the act but by whether the employee directly or indirectly exercised a free-will choice and control as to the performance or nonperformance of the act." *Anson v. Fisher Amusement Corp.*, 254 Minn. 93, 98, 93 N.W.2d 815, 819 (1958).

In this case, the Commissioner determined that the employer was the "critical impetus" for the discharge and the termination was not a matter of the employee's free will. The record supports this determination.

## DECISION

The record adequately supports the determination of the Commissioner of Economic Security that respondent was involuntarily terminated from her employment for reasons other than misconduct and is not disqualified from the receipt of unem-

ployment compensation benefits. The decision of the Commissioner is affirmed.

Affirmed.