Richard **GROTJOHN**, Relator,

v.

**CORNBELT FOODS, INC.,** Department of Economic Security, Respondents.

No. C4–85–280.

Court of Appeals of Minnesota.

June 25, 1985.

Brian L. Boysen, Western Minnesota Legal Services, Marshall, for relator.

Cornbelt Foods, Inc., Ed Heim, President, George Stencel, Controller, pro se.

Hubert H. Humphrey, III, State Atty. Gen., James Patrick Barone, Sp. Asst. Atty. Gen., St. Paul, for respondents.

Heard, considered and decided by POPO-VICH, C.J., and PARKER and FOLEY, JJ.

## OPINION

FOLEY, Judge.

Relator Richard Grotjohn seeks review of the determination of the Commissioner of Economic Security that he voluntarily terminated his employment without good cause attributable to his employer and was disqualified from the receipt of unemployment compensation benefits. Relator argues that he was involuntarily terminated for reasons other than misconduct or, in the alternative, that his voluntary termination was for good cause.

We reverse.

## FACTS

Relator Richard Grotjohn worked for Cornbelt Foods, Inc., a meatpacking business, from September 12, 1983 to September 15, 1984. He worked in the cooler, boning and putting up offal. On Monday, September 17, 1984, relator was ill and notified his employer that he would not report to work. On Tuesday, September 18, relator reported for work as usual at 6:00 a.m. The cooler foreman, Tom Bump, told relator that he was not needed that day or the next. Relator testified that Bump told him, "I don't know about Thursday or the rest of the week." Relator went home and never returned to his employment. He stated, "I felt they didn't want me there anymore after he said that." Bump testified that the days off were intended to be "a type of suspension," "to give him a day to think about * * *." No written notice of the employer's action was provided to relator.

Relator filed a claim for unemployment compensation benefits effective September 16, 1984. The claim was initially denied by a claims deputy on the grounds that relator voluntarily quit. On appeal, a Department referee reversed and found that relator was involuntarily terminated. In reaching this conclusion, the referee found that the foreman told relator that there was no work for him the rest of the week and that the employer "informed the claimant that he was replaced by other workers who were available."

On review, the Commissioner reversed and concluded that relator voluntarily terminated his employment without good cause attributable to the employer.

## ISSUES

1. Does the record support the determination of the Commissioner of Economic Security that relator voluntarily terminated his employment without good cause attributable to the employer?

2. Is the practice of the Commissioner of Economic Security in reviewing the findings of fact made by the hearing examiner on the record a denial of due process?

## ANALYSIS

1. *Voluntary Termination.*

■ The Commissioner of Economic Security determined that relator Grotjohn was disqualified from the receipt of unemployment compensation benefits pursuant to Minn.Stat. § 268.09, subd. 1, because he voluntarily terminated his employment. The burden is on the employer to establish disqualification of an otherwise eligible employee. *Marz v. Dept. of Employment Services,* 256 N.W.2d 287, 289 (Minn.1977).

■ This court's scope of review of decisions by the Commissioner is extremely limited. The findings are reviewed in the light most favorable to the decision and, if there is evidence reasonably tending to sustain them, they will not be disturbed on appeal. *White v. Metropolitan Medical Center,* 332 N.W.2d 25, 26 (Minn.1983).

In making her determination that relator's voluntary termination was without good cause attributable to the employer, the Commissioner stated that "claimant was dissatisfied with receiving a disciplinary lay-off and failed to establish that the basis was either real, substantial or compelling." *Ferguson v. Northwest Publications,* 311 Minn. 34, 247 N.W.2d 895 (1976). In making this decision, the Commissioner credited the testimony of the employer over that of the employee.

■ It has been often stated that the appellate court is not in a position to question the credibility of witnesses as determined by the Commissioner. *Nyberg v. R.N. Cardozo and Brothers, Inc.,* 243 Minn. 361, 67 N.W.2d 821, 823 (1954). The

decision of the Commissioner, not the referee, is relevant to this court upon review. *See Winkler v. Park Refuse Service, Inc.,* 361 N.W.2d 120, 123 (Minn.Ct.App.1985).

In *Winkler v. Park Refuse Service, Inc.,* we affirmed a decision of the Commissioner in which the Commissioner affirmed findings of fact drawn by an appeals referee although the findings were in part based on testimony presented to another referee. We held that we would not question the Commissioner's determination of credibility.

■ The Minnesota legislature provided that, in reviewing a decision of a department referee, the Commissioner is free to "affirm, modify, or set aside any finding of fact or decision, or both, of the referee * * *." Minn.Stat. § 268.10, subd. 5 (1984). The Commissioner may make an independent assessment of the evidence based upon the evidence and testimony presented at the hearing before the referee.

In this case and under these facts, the testimony and the record do not support any other finding than that returned by the referee and the referee should be affirmed.

■ Here, there was no obvious error on the part of the hearing referee and there is no reasonable basis for the Commissioner to disregard the referee's findings. The testimony of the witnesses indicated that relator was discharged from his employment. That finding should not be disturbed.

2. *Due Process.*

Because we rule that the Commissioner erred in reversing the decision of the referee, we need not reach the question raised by relator that an affirmance would violate his constitutional rights to due process.

## DECISION

Relator was involuntarily discharged from his employment for reasons other than misconduct.

The decision of the Commissioner of Economic Security is reversed and the decision of the referee is reinstated.

Reversed.