**David A. APPELHOF, Relator,**

v.

**COMMISSIONER OF JOBS AND TRAINING, Respondent.**

**No. C3–89–1719.**

Court of Appeals of Minnesota.

Jan. 23, 1990.

David A. Appelhof, Edina, pro se.

Hubert H. Humphrey, III, Atty. Gen., Donald E. Notvik, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by KALITOWSKI, P.J., and KLAPHAKE, and LESLIE,* JJ., without oral argument.

## OPINION

DAVID R. LESLIE, Judge.

Relator seeks review of a decision by the respondent Commissioner of Jobs and Training which denied him unemployment benefits. Relator argues he was entitled to receive benefits based upon services to a dormant corporation. We affirm.

## FACTS

Interactive Video Systems, Inc. was incorporated in Minnesota in 1982. Relator David Appelhof was president of Interactive and one of eleven shareholders.

Interactive began experiencing financial difficulties, and ceased paying Appelhof his salary after 1985. Nevertheless, Appelhof continued to perform services for Interactive, and his claimed wages were accrued on the corporate books.

In March 1988, Appelhof filed a claim with the Department of Jobs and Training for unemployment benefits. The Department paid Appelhof benefits totaling $3,270.

The Department subsequently determined that Appelhof's claim for benefits was invalid because he had not been paid sufficient wages during his "base period" of October 1, 1986 to September 30, 1987.[1] Accordingly, the Department demanded

that Appelhof repay the benefits he had received.

Appelhof appealed the Department's determination to a Department referee, who conducted a hearing. At the hearing, Appelhof testified that he had received no wages during his base period; in fact, he had not received any wages from Interactive since 1985. Although his claimed wages had accrued on the corporate books, Appelhof testified that no monies were set aside to pay him because there were insufficient funds available.

Appelhof at one point testified that Interactive generated no business activity after October 1986; that his services were not performed on a consistent basis; and that the only services he performed were filling out necessary forms. Later, however, he changed his testimony, indicating that he had worked for Interactive full-time seeking financing, communicating with potential investors, filling out forms, paying bills, and performing miscellaneous business activities.

At one point during the hearing, Appelhof testified that he had worked for Interactive through the first quarter of 1987; at another point, he indicated that he had worked through the second quarter of 1987; and at yet another point, he stated that he had probably stopped working for Interactive in the third quarter of 1987.

Appelhof testified that Interactive's board of directors had decided at a meeting to accrue his wages; however, he was unable to provide the minutes of that meeting and was not sure the decision to accrue his salary would have been in the minutes. Although he considered himself an employee of Interactive, Appelhof was not certain that he would ever be paid for his services.

Following the hearing, the referee issued a determination that Appelhof had not been paid sufficient wages during his base period to qualify him to receive unemployment compensation; therefore, his claim for benefits was invalid. In a separate decision,

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

1. The amount of a claimant's unemployment benefits is calculated based in part upon the amount of wages earned during the individual's base period. *See* Minn.Stat. § 268.07 (1988).

the referee ordered that Appelhof repay to the Department the benefits he had erroneously received.

Appelhof appealed to a Commissioner's representative, who affirmed the referee's findings and decisions, although upon different grounds. Appelhof obtained a writ of certiorari, seeking review of the Commissioner's decisions.

## ISSUES

1. Did the Commissioner's representative properly determine that Appelhof did not file a valid claim for unemployment benefits?

2. Was Appelhof required to repay the benefits he had erroneously received?

## ANALYSIS

■ 1. The Commissioner's representative determined that Appelhof had earned an insufficient amount of wage credits in his base period to establish a valid claim for benefits. The term "wage credits" is defined as "the amount of *wages* paid within the base period for insured work." Minn.Stat. § 268.04, subd. 26 (1988) (emphasis supplied). A "valid claim" for benefits is defined as a claim by a worker who has sufficient *"wages"* paid during the individual's base period. Minn.Stat. § 268.04, subd. 24 (1988) (emphasis supplied).

The statutory definition of "wages" is "all remuneration for services * * *." Minn.Stat. § 268.04, subd. 25 (1988). Under the facts of this case, we believe that to have accrued wages for services, Appelhof's services must have been authorized by Interactive.

The Commissioner's representative found that after 1985, no business activity was taking place, and that Appelhof had no realistic expectation of being paid:

> The testimony of the claimant was that the corporation essentially became dormant prior to October 1, 1986. * * * The claimant testified that * * * no business activity was taking place.
>
> * * * * * *

The accrued wages here appear to be more a bookkeeping endeavor than a realistic debt being taken on by the corporation. Essentially, it was the claimant who determined that the corporation should continue to accrue this debt, and the evidence does not persuade us that there was any realistic expectation on the part of the claimant that such debt would ever be paid.

The Commissioner's finding that Appelhof had no realistic expectation of being paid is supported by Appelhof's own testimony. In addition, as the Commissioner's representative noted, the record does not establish that Appelhof's services constituted a realistic debt taken on by the corporation. It is particularly troubling that Appelhof could produce no evidence that Interactive's board of directors had asked him to continue working or had approved the accrual of his salary after the corporation was out of funds. We therefore agree with the Commissioner that Appelhof's services to the corporation were not a basis for receiving unemployment benefits.

■ We note that Appelhof seeks to introduce new evidence at the appellate level, attempting to document the services he performed for Interactive. As we indicated in *Hanka v. The Hardware*, 343 N.W.2d 46, 48 (Minn.Ct.App.1984), evidence which was not received below may not be reviewed as part of the record on appeal.

■ 2. The Commissioner may reconsider a claim for benefits which has previously been determined valid. Minn.Stat. § 268.10, subd. 2(4) (1988). A subsequent determination which denies benefits already paid is considered an overpayment, subject to Minn.Stat. § 268.18. *Id.*

> Any claimant for benefits who, * * * because of a determination or redetermination issued pursuant to section 268.10, subdivision 2, has received any sum as benefits to which the claimant was not entitled under these sections, shall promptly return such benefits in cash to the nearest office of the Minnesota department of jobs and training.

Minn.Stat. § 268.18, subd. 1 (1988). Accordingly, Appelhof is required to repay the benefits he erroneously received.

## DECISION

The Commissioner properly determined that Appelhof's claim for unemployment benefits was invalid and that he was required to return the benefits he had received.

Affirmed.