**Bruce E. HEIN, Relator,**

v.

**GRESEN DIVISION, DANA CORPORATION, Respondent,**

**Commissioner of Economic Security, Respondent.**

No. C2–94–2259.

Court of Appeals of Minnesota.

Oct. 3, 1995.

Carl M. Warren, Univ. of Minnesota Law Clinic, Minneapolis, for relator.

Kent E. Todd, St. Paul, for respondent Commissioner of Economic Security.

Gresen Div., Dana Corp., Minneapolis, pro se.

Considered and decided by RANDALL, P.J., and NORTON and DAVIES, JJ.

## OPINION

NORTON, Judge.

Relator Bruce Hein seeks review of a Commissioner's representative's decision disqualifying him from receiving reemployment insurance benefits. Because the Commissioner's representative's decision was based upon an incomplete record, we reverse and remand.

## FACTS

Respondent Gresen Division, Dana Corporation, is a manufacturer of hydraulic valves. For over twenty years, relator worked for respondent as a full-time lead person in the receiving department.

Respondent has a policy prohibiting drug and alcohol use on the job. Respondent discharged relator because he failed a drug test on May 20, 1994.

Relator applied to the Department of Economic Security for reemployment insurance benefits, but his claim was denied because his violation of respondent's drug policy constituted disqualifying misconduct. Relator appealed to a reemployment insurance judge, and a hearing was scheduled for August 8, 1994 at 9:00 a.m. Respondent's human resources manager attended the hearing, but relator was not present at the hearing.

On appeal, relator submits that he arrived about 26 minutes late for the hearing, but a Department secretary mistakenly told him to take a seat and wait until his hearing was called. The judge closed the hearing while relator was waiting. When the judge learned of the problem, he said he would note that relator had arrived late. But according to the judge's decision, relator arrived after the hearing was closed and stated that he thought the hearing was scheduled for 9:45.

The judge concluded that relator did not commit misconduct by failing the drug test. Respondent appealed to a Commissioner's representative, who reversed. The Commissioner's representative noted in his decision that relator "did not participate in the August 8, 1994 evidentiary hearing."

## ISSUE

Is relator entitled to a rehearing to allow him an opportunity to testify?

## ANALYSIS

■ Relator was unable to participate in the hearing due, in part, to error by the Department staff. His absence prevented him from making a record for the Commissioner's representative to review. Thus, he was denied a full hearing by the reemployment insurance judge. *See Schulte v. Transportation Unlimited,* 354 N.W.2d 830, 832 (Minn.1984) (recognizing that reemployment insurance is an entitlement protected by procedural due process, which encompasses a right of adequate notice and an opportunity to be heard).

■ Relator was not required to raise the lack of hearing issue with the Commissioner's representative because he had prevailed before the referee without participation.

■ In order to provide justice, it is necessary to remand this case not only to the Commissioner's representative, but to a reemployment insurance judge, who will conduct a full and fair hearing so that, should the judge's decision be appealed, a full record may then be presented to the Commissioner's representative.

We urge all Department employees involved in the claims process to take greater care to avoid recurrence of what happened here.

The motion to strike the extra-record materials in relator's appendix and brief is granted. *See Appelhof v. Commissioner of Jobs & Training,* 450 N.W.2d 589, 591 (Minn. App.1990) ("evidence which was not received below may not be reviewed as part of the record on appeal"). We assume that the content of these materials will be offered at the hearing for which we are remanding.

## DECISION

Due, in part, to error by the Department, relator is entitled to a rehearing on his claim for reemployment insurance benefits.

**Reversed and remanded. Motion granted.**