*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0442**

Ayode A. Ogunkola,
Relator,

vs.

Cirrus Design Corporation,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed October 24, 2016
Affirmed
Rodenberg, Judge**

Department of Employment and Economic Development
File No. 34043421-3

Ayode A. Ogunkola, Hermantown, Minnesota (pro se relator)

Cirrus Design Corporation, Duluth, Minnesota (respondent)

Lee B. Nelson, St. Paul, Minnesota (for respondent department)

Considered and decided by Smith, Tracy M., Presiding Judge; Larkin, Judge; and Rodenberg, Judge.

**U N P U B L I S H E D   O P I N I O N**

**RODENBERG**, Judge

Relator Ayode A. Ogunkola appeals from a decision by an unemployment-law judge (ULJ) denying relator unemployment benefits after his discharge from employment by Cirrus Design Corp. (Cirrus) for employment misconduct, and the ULJ's

reconsideration order denying relator's request for an additional evidentiary hearing. Relator argues on appeal that the ULJ's factual findings are incorrect and that the ULJ erred in denying him an additional hearing. We affirm.

**FACTS**

Relator applied for unemployment benefits after Cirrus fired him. The Department of Employment and Economic Development (DEED) initially found that relator was eligible for unemployment benefits. Cirrus appealed this decision, and DEED sent notices of an evidentiary hearing scheduled for January 6, 2016 to both relator and Cirrus.

A Cirrus representative attended the hearing. Relator did not. At the hearing the ULJ took testimony from the Cirrus representative, who testified that relator violated Cirrus' drug and alcohol policy on two occasions. She also testified that relator obstructed an alcohol test by leaving the clinic where additional testing was to be done, without providing a sample for testing, and then returning approximately 2.5 hours later. By the time relator returned and provided the sample, no alcohol was present in his system. The ULJ concluded that relator was discharged for employment misconduct and was therefore ineligible for unemployment benefits.

Respondent requested an additional hearing, stating, ". . . I misread the date. I was at a job interview at the time [of the hearing] but later called back." The ULJ denied relator's request for an additional hearing, stating that relator did not show good cause for missing the hearing because he "did not act with due diligence."

This certiorari appeal followed.

2

**D E C I S I O N**

**Factual Findings in Initial Hearing**

Relator first challenges the ULJ's factual findings, arguing they were based on false information provided by Cirrus.

We review a ULJ's factual findings in the light most favorable to the decision, and give deference to the credibility determinations made by ULJs. *Skarhus v. Davanni's Inc.*, 721 N.W.2d 340, 344 (Minn. App. 2006). We will not disturb a ULJ's factual findings "when the evidence substantially sustains them." *Id.* Whether an employee commits a particular act is a factual finding. *Icenhower v. Total Auto., Inc.*, 845 N.W.2d 849, 855 (Minn. App. 2014), *review denied* (Minn. July 15, 2014).

Here, the ULJ's findings are tethered to the testimony at the initial hearing. Relator provided no evidence and did not attend that hearing. Relator's brief argues additional facts not produced at the hearing. But we do not review evidence on appeal that was not received below. *Appelhof v. Comm'r of Jobs & Training*, 450 N.W.2d 589, 591 (Minn. App. 1990). We therefore do not consider relator's additional evidence when reviewing the ULJ's factual findings. The only evidence of record supports the ULJ's findings, and those findings support the employment-misconduct determination.

Because the record supports the ULJ's factual findings, the relator's challenge to the findings fails.

**Denial of an Additional Evidentiary Hearing**

Relator next argues that he should have been afforded an additional hearing. He explains that he missed his initial hearing because he misread the notice of the hearing and was at a job interview on the day it was held.

3

When reviewing a ULJ's decision on reconsideration, we give "deference to a ULJ's decision not to hold an additional hearing and will reverse that decision only for an abuse of discretion." *Skarhus*, 721 N.W.2d at 345.

A party who missed an initial hearing may request the ULJ set aside the decision and order an additional hearing. Minn. Stat. § 268.105, subd. 2(d) (2014). The ULJ must grant this request if the party shows "good cause" for failing to attend the initial hearing. *Id*. "Good cause" is "a reason that would have prevented a reasonable person acting with due diligence from participating in the hearing." *Id*. Failure to attend a hearing because it conflicted with a work schedule is not generally "good cause" for missing a hearing. *Skarhus*, 721 N.W.2d at 345 (holding that a relator did not have "good cause" to miss a hearing due to a scheduled work conflict, when he neither attempted to reschedule the hearing nor demonstrated that a request for time off work to attend the hearing was denied). Forgetting a hearing date is not "good cause" for missing a hearing. *Fay v. Dep't of Emp't & Econ. Dev.*, 860 N.W.2d 385, 389-90 (Minn. App. 2015).

In his request for a new hearing, relator explained his absence from the initial hearing as follows: ". . . I misread the date. I was at a job interview at the time but later called back." The ULJ acted within her discretion in concluding that these reasons fall short of "good cause" for relator having failed to attend the hearing.

**Affirmed.**

4