# JAMES GOODMAN v. MINNESOTA DEPARTMENT OF EMPLOYMENT SERVICES.

255 N. W. 2d 222.

April 15, 1977—No. 47116.

*Michael Fargione,* Legal Aid Society of Minneapolis, Inc., for relator.

*Warren Spannaus,* Attorney General, *Richard B. Allyn,* Solicitor General, *Peter C. Andrews,* Assistant Attorney General, *William G. Brown,* Special Assistant Attorney General, for respondent.

PER CURIAM.

Writ of certiorari to review a decision of the commissioner of employment services holding claimant ineligible for unemployment compensation because he was "unavailable for work" within the meaning of Minn. St. 1974, § 268.08, subd. 1(3). We reverse and remand on the ground that the commissioner applied an erroneous theory of law in concluding that claimant was unavailable for work.

In Hansen v. Continental Can Co. 301 Minn. 185, 221 N. W. 2d 670 (1974), we reversed a decision of the commissioner which denied compensation solely on the ground that the claimant was attending college on a full-time basis. In doing so, we stated as follows:

"Minn. St. 1971, § 268.08, subd. 1(3), does not require a claimant to remain idle. Attending college does not by definition make a claimant unavailable for work. A claimant must be 'accessible or attainable for work when suitable work is offered at such hours as are customary in the type of employment to which he is suited.' He must be 'genuinely attached to the labor market.' Olson v. Starkey, 259 Minn. 364, 371, 107 N. W. 2d 386, 391 (1961). A claimant 'may not limit [his] availability because of personal or domestic reasons unrelated to [his] employment.' Thompson v. Schraiber, 253 Minn. 46, 48, 90 N. W. 2d 915, 916 (1958). The claimant should be interested, willing, and ready to accept available employment. Olson v. Starkey, *supra*. But the statute does not restrict the claimant from pursuing his interests while unemployed. A claimant may further his education while unemployed and still receive benefits so long as he meets the statutory requirements for eligibility and the tests for availability.

"Relator in the instant case meets all these tests of availability. He placed no conditions or restraints on his availability. He offered to quit school or switch shifts in order to secure employment. At no time did he limit his accessibility or reject employment. No evidence was presented to show a lack of interest in work or an unwillingness to work. All the evidence demonstrated his availability for work.

"We limit this holding to the facts of the instant case, where the relator expressed his willingness to accept employment at any time and even to quit school to do so. Those involuntary unemployed still must actively seek employment, not place conditions or restrictions on their availability, and be a genuine part of the labor force. We do not hold in any way that a student may refuse daytime employment and collect benefits merely because he customarily worked the night shift. Even if the student meets the initial statutory tests for eligibility, he still must remain eligible. The statute does not contemplate enforced idleness, only

availability. We therefore reverse." 301 Minn. 187, 221 N. W. 2d 672.

In response to our decision in the Hansen case, the commissioner issued a memorandum to claims deputies directing them to deny compensation to involuntarily unemployed workers attending college unless they had been students before they lost their jobs, even though they were actively seeking work, were available to work, and were willing to quit college if they obtained suitable employment that conflicted with their college hours. Such a directive is contrary to the clear holding of this court in the Hansen case.

While in this case the decision of the appeal tribunal (which the commissioner adopted) did not cite this directive, it did state that "A full-time student such as the claimant is not considered available for work because of the limitations necessarily imposed by his school commitments." This kind of blanket rule denying compensation to involuntarily unemployed workers who attend college is also clearly contrary to our decision in the Hansen case.

The determination which the commissioner must make in such cases is a factual one: Is the claimant in fact actively seeking work and is he in fact willing to quit college if offered suitable employment that would conflict with his college schedule? Stated differently, the factual determination which the commissioner must make is whether the claimant's attachment to the work force is genuine. Semanko v. Department of Employment Services, 309 Minn. 425, 244 N. W. 2d 663 (1976).

Reversed and remanded.