Donald M. MONSON, Relator,

v.

MINNESOTA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.

No. 47725.

Supreme Court of Minnesota.

Jan. 27, 1978.

Donald M. Monson, pro se.

Warren Spannaus, Atty. Gen., Richard B. Allyn, Sol. Gen., Peter C. Andrews, Asst. Atty. Gen., Frank W. Levin, Sp. Asst. Atty. Gen., St. Paul, for respondent.

## PER CURIAM.

Relator Donald Monson seeks review of the decision of the Commissioner of the Department of Employment Services that he had failed to make an active work search as required by Minn.St. 268.08, subd. 1, and that he was therefore ineligible for unemployment compensation benefits. We affirm.

The sole issue for our determination is whether that decision is reasonably sustained by the record. *Olson v. Starkey*, 259 Minn. 364, 107 N.W.2d 386 (1961); *Semanko v. Dept. of Employment Services*, Minn., 244 N.W.2d 663 (1976).

The record before the commissioner indicates that relator had had extensive and varied work experience and that he had earned a master's degree in library science from Rutgers University in 1966. He held the position of Director of Public Services at the St. John's University library from September 1974 until his termination on June 30, 1976, when finances were no longer available. The instant claim petition was filed on July 4, 1976, and shortly thereafter, on September 7, 1976, relator commenced training as an auto mechanic at Anoka Area Vocational Technical Institute.

Minn.St. 268.08, subd. 1(3), defines unemployment compensation eligibility conditions and provides:

"He was able to work and was available for work, and was actively seeking work, provided that individual's weekly benefit amount shall be reduced one-fifth for each day such individual is unable to work or unavailable for work; provided further that benefits after December 31, 1971, shall not be denied by application of this clause to an individual who is in training with the approval of the commissioner."

This provision was expanded by Minn.Reg. ES 30(b) which states that training shall be approved if the commissioner finds that:

"(1) Reasonable and suitable work opportunities for which the individual is fitted by training, experience, and physical capabilities do not exist in his locality."

Essentially, it is relator's position that his work search was adequate and that reasonable and suitable employment opportunities did not exist; he therefore argues that his auto mechanic training program should be approved.

However, a review of the record indicates that the decision to disallow unemployment compensation benefits is reasonably sustained. Relator testified that he had researched a data bank for employment opportunities, that he regularly consulted professional journals and newspaper employment notices and that he had unsuccessfully applied for two or three library positions. He further stated that he had not explored other possible positions because the offered salary was less than he thought necessary. He therefore chose to enroll in the auto mechanics training course because he thought it held more potential for permanency at a sufficient salary.

The commissioner found, with ample evidentiary support, that the work search was not adequate and that the relator had improperly employed self-imposed and unreasonable criteria to limit employment opportunities. Relator therefore failed to sustain his burden of establishing eligibility for unemployment compensation benefits. *Kleinwachter v. Dept. of Employment Services*, 305 Minn. 568, 234 N.W.2d 822 (1975).

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.