John A. PYEATT, Relator,

v.

STATE of Minnesota, DEPARTMENT
OF EMPLOYMENT SERVICES,
Respondent.

No. 47653.

Supreme Court of Minnesota.

Jan. 27, 1978.

Edward F. Rooney, Minneapolis, for relator.

Warren Spannaus, Atty. Gen., Richard B. Allyn, Sol. Gen., Peter C. Andrews, Asst. Atty. Gen., Frank W. Levin, Sp. Asst. Atty. Gen., St. Paul, for respondent.

PER CURIAM.

Relator John Pyeatt seeks review of a decision of the Commissioner of the Department of Employment Services filed on March 16, 1977, disallowing his claim for unemployment compensation benefits. We affirm.

In 1973 relator enrolled at the Hennepin County Technical Center for vocational training as a welder; although the course was designed to be completed in 18 months, he left the program after 9 months of study to begin employment on February 14, 1974, as an assembler for Environmental Control Systems. He began work as a welder on May 20, 1974. Although he was first terminated by his employer for incompetence, he was rehired when his union intervened; his final termination occurred on March 13, 1975. The claim petition was filed on March 16, 1975.

During the ensuing 4 months, relator unsuccessfully applied for positions as a welder at six or seven firms. Thereafter, in July 1975, he applied at the Hennepin County Technical Center to begin training in November 1975 in the auto body repair field. His enrollment ultimately resulted in the finding by the commissioner that the program was not approved training so as to entitle him to benefits despite his admitted unavailability for work. Minn.St. 268.08, subd. 1(3).

Minn.Reg. ES 30(b) contains the standards to be employed by the commissioner in making his determination whether a particular training program should be approved, and provides as follows:

> "(1) Reasonable and suitable work opportunities for which the individual is fitted by training, experience, and physical capabilities do not exist in his locality."

 It is our view that a claimant attempting to invoke the approved training exception to the availability-for-work requirement of § 268.08, subd. 1(3), must necessarily establish that he made a thorough and adequate work search; this preliminary showing would provide the commissioner with the basic information upon which the conclusion that reasonable and suitable work opportunities for this claimant do not exist might be based.

The record before us reasonably sustains the commissioner's decision to disapprove this training. Although relator argues that there were not sufficient opportunities commensurate with his experience and physical characteristics, the evidence presented to the commissioner indicates that during his 8-month period of unemployment, relator actively applied for but six or seven positions when approximately 25 were potentially available. Additionally, relator apparently placed his own limitations upon his work search, including geographical boundaries, and evidenced minimal cooperation with employment services personnel assigned to aid in his work search.

As such, the commissioner properly held that the claimant had failed to sustain his burden of establishing eligibility for unemployment compensation benefits. *Kleinwachter v. Dept. of Employment Services*, 305 Minn. 568, 234 N.W.2d 822 (1975).

Affirmed.

SHERAN, C. J., took no part in the consideration or decision of this case.