**Donna M. MUELLER, Relator,**

v.

**COMMISSIONER OF ECONOMIC SECURITY, Respondent.**

**No. C7–01–186.**

Court of Appeals of Minnesota.

Sept. 18, 2001.

---

Allen R. Webb, Burnsville, MN, for relator.

Kent E. Todd, Minnesota Department of Economic Security, St. Paul, MN, for Commissioner.

Considered and decided by LANSING, Presiding Judge, HARTEN, judge, and WILLIS, Judge.

## OPINION

WILLIS, Judge

Relator was denied unemployment-compensation benefits based on the determination of the commissioner's representative that, because of a limitation on the hours she could work, she was not "available for employment" as required by Minn.Stat. § 268.085 (2000). Because the evidence reasonably supports the commissioner's representative's determination that relator was not eligible for benefits, we affirm.

## FACTS

In 1990, relator Donna M. Mueller began working as a receptionist with Group Health, Inc. Apparently in late 1997 or early 1998, Mueller underwent surgery for neck and back injuries. Her physician recommended that she work no more than five hours per day, five days per week, and in March 1998, she began to work that schedule. Following another surgery, Mueller's physician recommended that she work no more than three hours per day, five days per week. Group Health allowed Mueller to work that schedule from March 2000 until August 2000, when it terminated her employment. Mueller established a benefit account with the Department of Economic Security.

In September 2000, the department determined that Mueller was ineligible for benefits because she was "not fully able to work." An unemployment-law judge affirmed the department's decision, concluding that Mueller was not "available for employment" as required by Minn.Stat. § 268.085, subds. 1, 15 (2000). The commissioner's representative reached the same conclusion. Mueller appeals by writ of certiorari.

## ISSUE

Because of a medical restriction, relator is unable to work more than three hours per day. Did the commissioner's representative err in determining that she was not eligible for benefits because she was not "available for employment" as required by Minn.Stat. § 268.085, subds. 1, 15 (2000)?

## ANALYSIS

This court reviews the decision of the commissioner's representative rather than that of the unemployment-law judge. *See Weaver v. Minnesota Valley Labs.*, 470 N.W.2d 131, 133 (Minn.App.1991). A decision by the commissioner's representative concerning an applicant's eligibility for benefits will be upheld if it is reasonably supported by the evidence. *Decker v. City Pages, Inc.*, 540 N.W.2d 544, 548 (Minn. App.1995).

To be eligible for unemployment-compensation benefits, an applicant must be able to work, available for employment, and actively seeking employment. Minn. Stat. § 268.085, subd. 1(2) (2000). An employee carries the burden of proving that she is eligible to receive benefits. *Decker*, 540 N.W.2d at 547. In order to be considered available for employment, an applicant must be "ready and willing to accept employment in the labor market area," and there "must be no restrictions, either self-imposed or created by circumstances, temporary or permanent, that prevent accepting employment." Minn.Stat. § 268.085, subd. 15(a) (2000). Further, an applicant

> who has restrictions on the hours of the day or days of the week that the applicant can or will work, that are not normal for the applicant's usual occupation or other employment, is not "available for employment."

*Id.*, subd. 15(d) (2000).

Mueller contends that Minnesota caselaw creates an exception to the avail-

ability requirement for applicants who have a limiting physical or mental condition, citing the following passage in *Decker*:

> Except where a claimant's physical or mental condition restricts his or her availability,
>
>> a claimant is considered available for work only if ready and willing to accept full-time suitable work. There must be no restrictions, either self-imposed or created by circumstances, which prevent accepting full-time work.
>
> Minn. R. 3305.0500, subpt. 1 (1993) (referring to Minn. R. 3305.0400, subpt. 2 B. (1993)).

540 N.W.2d at 548. As the internal citation indicates, this exception was found in Minn. R. 3305.0400, subpt. 2(B), which provided:

> Normally a claimant is required to be able to work and available for full-time work for all shifts which are customary for the occupation. However, a claimant whose physical or mental condition restricts availability to part-time work or to a particular shift shall be deemed able to work if there are jobs in the labor market area consistent with the limitations or such jobs can be expected to arise within a reasonable period of time.

Chapter 3305 of the Minnesota Rules was repealed in 1999. *See* 1999 Minn. Laws ch. 107, § 67. Section 268.085, which was rewritten in 1999 and addresses many of the subjects formerly addressed by chapter 3305, does not include an exception for an applicant whose physical or mental condition restricts her availability to do full-time work. But neither does section 268.085 impose a full-time work requirement from which such an exception need be hewed out. *See, e.g.,* Minn.Stat. § 268.035, subd. 23a(e) (2000) (providing that if majority of applicant's wage credits were earned from part-time employment, part-time employment will be considered "suitable employment" for purposes of determining eligibility). And section 268.085 acknowledges that there are applicants who have "restrictions on the hours of the day or days of the week" that they can or will work and asks whether, with those restrictions, an applicant can or will work the hours of the day or days of the week that are "normal for the applicant's usual occupation or other employment * * *." [1] Minn. Stat. § 268.065, subd. 15(d).

Here, the commissioner's representative found that, because of Mueller's medical restriction, she could not work the hours that are normal for her usual occupation or other employment. Mueller was found by the department in September 2000 to be ineligible for benefits. At the time of her hearing before an unemployment-law judge in October 2000, she had found no employment that would allow her to work only three hours per day. When she appealed to the commissioner's representative in December 2000, she still had no such employment. The evidence, viewed in the light most favorable to the decision of the commissioner's representative, reasonably supports the determination that Mueller was not available for employment.

## DECISION

Relator, who was denied unemployment-compensation benefits, argues that be-

---

1. Mueller urges us to look to the legislative history of section 268.085 to determine whether the legislature meant to do away with the exception for physical and mental conditions. Courts should turn to a statute's legislative history to determine how it should be construed only when the language of the statute is ambiguous. *Baker v. Ploetz,* 616 N.W.2d 263, 269 (Minn.2000). Here, there is nothing ambiguous about the language of section 268.085; it simply does not contain the exception.

cause her medical condition limits the hours she can work, she is entitled to benefits under an exception to the requirement of Minn.Stat. § 268.085 (2000) that she be available for employment. The rule that formerly created an exception to a requirement that applicants be available for full-time work has been repealed, as has the rule imposing the full-time work requirement. An applicant who has restrictions on the hours of the day she can or will work is not "available for employment," and thus not eligible for benefits, if those hours are not normal for the applicant's usual occupation or other employment.

**Affirmed.**