August L. NEUMANN, Relator,

v.

DEPARTMENT OF EMPLOYMENT
AND ECONOMIC DEVELOPMENT,
Respondent.

No. A13–1007.

Court of Appeals of Minnesota.

March 17, 2014.

August L. Neumann, Frederic, Wisconsin, pro se relator.

Lee B. Nelson, Christine Hinrichs, Department of Employment and Economic Development, St. Paul, MN, for respondent.

Considered and decided by
CONNOLLY, Presiding Judge;
CHUTICH, Judge; and KLAPHAKE,
Judge.

## OPINION

KLAPHAKE, Judge.*

We reverse the determination of the unemployment law judge (ULJ) that relator was ineligible for unemployment benefits because the ULJ failed to consider existing conditions in relator's labor market area when the ULJ determined that the relator was not actively seeking employment. We remand for the ULJ to calculate relator's appropriate benefits consistent with this opinion, including a deduction for the relator's two-day absence from his labor market area.

## FACTS

Relator August L. Neumann lives in a small town and, in 2012, worked as a security-systems installer. After being laid off, he established an unemployment benefits account effective January 6, 2013. Neumann spent five to ten hours per week looking for work, visiting and calling local businesses and looking at newspaper and online advertisements. He visited a gas station, a grocery store, an exhaust shop, and an auto-repair shop in a neighboring community. He slowed his job-search activities to a half-hour per day in mid-February, after he received a telephone call from his former employer informing him that he might be rehired in April. He also spent "quite a bit of time" studying for a commercial driver's license exam because he believed this would improve his employment prospects.

Around the same time that Neumann's former employer told him he might be rehired, Neumann agreed to accompany his stepfather on an overnight trip to a city four hours away from his home. Neumann stated that the reason he agreed to take the trip was because he had "nothing else better to do."

An administrative clerk at respondent department of employment and economic development determined that Neumann was ineligible for unemployment benefits from February 3 onward because Neumann had left his "normal commuting area" for a reason other than to seek suitable work. Neumann appealed this determination. After a hearing, the ULJ ruled that Neumann was ineligible for unemployment benefits from January 6 and "until conditions change" because he was not "actively seeking suitable employment and has not been available for suitable employment." The ULJ found that Neumann had been overpaid $1,580 in unemployment benefits.

Neumann brings a certiorari appeal.

## ISSUE

Did the ULJ err by determining that Neumann was ineligible for unemployment

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

benefits because he was not actively seeking employment or not available for suitable employment?

## ANALYSIS

Neumann challenges the ULJ's determination that he was ineligible for unemployment benefits because he was not actively seeking or available for suitable employment. When reviewing an unemployment-benefits eligibility determination, we may "affirm the decision of the unemployment law judge or remand the case for further proceedings." Minn.Stat. § 286.105, subd. 7(d) (2012). We may also

> reverse or modify the decision if the substantial rights of the petitioner may have been prejudiced because the findings, inferences, conclusion, or decision are: (1) in violation of constitutional provisions; (2) in excess of the statutory authority or jurisdiction of the department; (3) made upon unlawful procedure; (4) affected by other error of law; (5) unsupported by substantial evidence in view of the entire record as submitted; or (6) arbitrary or capricious.

*Id.* We review the ULJ's factual findings "in the light most favorable to the decision" and "give[ ] deference to the credibility determinations made by the ULJ." *McNeilly v. Dep't of Emp't & Econ. Dev.*, 778 N.W.2d 707, 710 (Minn.App.2010) (quotation omitted). "As a result, this court will not disturb the ULJ's factual findings when the evidence substantially sustains them." *Id.* But we review the ULJ's ineligibility determination de novo, construing narrowly statutory bases to disqualify applicants. *Ress v. Abbott Nw. Hosp. Inc.*, 448 N.W.2d 519, 523 (Minn.1989); *see also* Minn.Stat. § 268.031, subd. 2 (2012) ("[A]ny statutory provision that would preclude an applicant from receiving [unemployment] benefits must be narrowly construed.").

The ULJ ruled that Neumann was ineligible for unemployment benefits because he "has not been actively seeking suitable employment and has not been available for suitable employment effective January 6, 2013." We first address the actively-seeking-employment issue. The ULJ's findings supporting the determination do not address all of the applicable statutory criteria. To be eligible for unemployment benefits, an applicant must be "actively seeking suitable employment," as defined in Minn.Stat. § 268.085, subd. 16 (2012), during the period he receives benefits. Minn.Stat. § 268.085, subd. 1(5) (2012). " 'Actively seeking suitable employment' means those reasonable, diligent efforts an individual *in similar circumstances* would make if genuinely interested in obtaining suitable employment *under the existing conditions in the labor market area.*" Minn.Stat. § 268.085, subd. 16(a) (2012) (quoting Minn.Stat. § 268.085, subd. 1(5)) (emphasis added). It includes the obligation to remain in contact with former employers who laid an applicant off due to lack of work, *id.,* subd. 16(b), as well as the obligation to seek employment opportunities in other career fields if positions are not available in an applicant's former career field or if such positions are seasonal in nature, *id.,* subd. 16(c).

The ULJ found that Neumann "has not engaged in reasonable diligent efforts an individual in his similar circumstances would make if genuinely interested in obtaining suitable employment" because Neumann spent only five to ten hours per week seeking employment, slowed his job-search activities when he received notice that he might be rehired by his former employer, "focused his time on obtaining a [commercial driver's license]," and left his labor market area for two days. But missing from the ULJ's assessment is any discussion of existing conditions in Neu-

mann's labor market area. In addition to the fact that such a consideration is required by the plain language of section 268.085, subdivision 16(a), such discussion is essential in determining whether Neumann's numerically limited efforts to apply for jobs might have exhausted the pool of "suitable" opportunities available in and around his small town. *See Work Connection, Inc. v. Bui,* 749 N.W.2d 63, 69 (Minn. App.2008) ("The labor market may differ depending on the work experience and location of each applicant for benefits. Thus, the relevant labor market is different for a brain surgeon and a common laborer; it is different for an urban and a rural Minnesotan."), *review granted* (Minn. June 18, 2008) *and appeal dismissed,* 767 N.W.2d 688, 689 (Minn.2009). Caselaw implicitly supports the rule that ineligibility determinations must consider the number and scope of employment options available to an applicant in addition to the number of applications submitted or time expended. *See Monson v. Minn. Dep't of Emp't Servs.,* 262 N.W.2d 171, 172 (Minn.1978) (affirming denial of benefits for applicant librarian who referenced job listings in professional journals, newspapers, and an employment data bank, but who refused to consider available librarian positions paying a lower salary); *Pyeatt v. State, Dep't of Emp't Servs.,* 263 N.W.2d 394, 395 (Minn.1978) (affirming denial of benefits for applicant who applied for six or seven positions when approximately 25 were "potentially available"); *Decker v. City Pages, Inc.,* 540 N.W.2d 544, 549–51 (Minn.App. 1995) (reversing denial of benefits where applicant had "multiple telephone and in-person 'networking' contacts with five prospective employers," had one formal in-town interview and another out-of-town, and had spent time working on restarting publication of a recently discontinued trade magazine). We hold that the ULJ's failure to identify Neumann's labor market area and to consider existing labor-market conditions in that area constitute errors of law requiring reversal.

■ We also observe that the ULJ's criticism of Neumann's time spent studying for a commercial driver's license exam does not support a finding that he was failing to actively seek suitable employment, absent a finding that it distracted him from employment opportunities that were otherwise available. *Cf.* Minn.Stat. § 268.085, subd. 16(c) (requiring laid-off seasonal employees to seek "other suitable employment"). In *Decker,* this court reversed a ULJ's denial of unemployment benefits to a laid-off newspaper publisher while applauding the applicant's "creative expansion of efforts and reemployment prospects" because the applicant had worked on restarting publication of a trade magazine in addition to pursuing a "narrower traditional approach to reemployment." 540 N.W.2d at 549–50 (holding that record did not support finding that applicant expended full-time energies on trade magazine such that he was unavailable for other work). We cannot discern why an unemployed publisher's efforts to restart a magazine should be applauded, but an unemployed security-systems installer's efforts to obtain a commercial driver's license should be held against him, absent a finding that the unemployed security-systems installer performed services of 32 hours or more in employment, volunteer work, or self-employment. *See* Minn. Stat. § 268.085, subd. 2(6) (2012) (providing that applicant who does so is ineligible for benefits).

■ We now briefly address the ULJ's finding that Neumann was unavailable for suitable employment. This finding is based on Neumann's two-day absence from his labor-market area while accompanying his stepfather to another city. "An applicant who is absent from the labor market

area for personal reasons, other than to search for work, is not 'available for suitable employment.' " Minn.Stat. § 268.085, subd. 15(c) (2012). "The applicant's weekly unemployment benefit amount is reduced one-fifth for each day the applicant is unavailable for suitable employment." Minn.Stat. § 268.085, subd. 1(4) (2012). Thus, although Neumann's absence from his labor market supports a two-day deduction from his unemployment benefits, it does not support a finding that Neumann is ineligible for unemployment benefits on an ongoing basis.

## DECISION

We reverse the ULJ's determination that Neumann was ineligible to receive unemployment benefits due to his failure to actively seek and be available for suitable employment. We remand for the ULJ to calculate Neumann's unemployment-benefits entitlement from January 6, 2013, forward, including a two-day deduction for Neumann's February 2013 absence from his labor-market area.

**Reversed and remanded.**