*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1594**

Samuel I. Ricci,
Relator,

vs.

Schmitty & Sons School Buses, Inc.,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed February 17, 2015
Reversed
Chutich, Judge**

Department of Employment and Economic Development
File No. 32598751-4

Samuel I. Ricci, Burnsville, Minnesota (pro se relator)

Bradley J. Lindeman, Meagher & Geer, P.L.L.P., Minneapolis, Minnesota (for respondent Schmitty & Sons School Buses, Inc.)

Lee B. Nelson, St. Paul, Minnesota (for respondent department)

Considered and decided by Chutich, Presiding Judge; Rodenberg, Judge; and Smith, Judge.

UNPUBLISHED OPINION

**CHUTICH**, Judge

Relator Samuel Ricci challenges the unemployment-law judge's decision that he was ineligible for unemployment benefits because he was not available for or actively seeking suitable employment from May 11, 2014 through June 30, 2014. The Minnesota Department of Employment and Economic Development (the department) contends that the unemployment-law judge's ineligibility determination should be affirmed as to the week beginning May 11, 2014, but concedes that the judge should be reversed as to the period from May 18, 2014 through June 30, 2014. Respondent Schmitty & Sons School Buses, Inc. advised this court that it would not be filing a brief, although it believes that the judge's decision should be affirmed. Because Ricci was available for and actively seeking suitable employment from May 11, 2014 through June 30, 2014, we reverse the denial of benefits.

## FACTS

Ricci, a bus driver who had worked for Schmitty & Sons for almost ten years, was discharged from employment after he was unable to qualify for renewal of his medical certificate, which is required of commercial drivers.

Ricci applied for unemployment benefits and established a benefit account effective May 11, 2014. On June 11, 2014, the department issued an amended determination of ineligibility. Ricci appealed, and on June 30, 2014, an unemployment-law judge held a hearing addressing whether he was available for and actively seeking suitable employment, among other things.

2

At the hearing, Ricci testified that he had some physical limitations, but also described employment other than driving that he was qualified for and physically able to perform. He also testified that during his first week of unemployment, he focused on consulting medical personnel in an attempt to become recertified to drive a commercial vehicle. Thereafter, he networked with people he knew, checked classified ads in the newspaper, looked at job postings on websites, and called some companies for work, but found no available positions. At a workforce center, Ricci obtained a reemployment assessment, attended a class and, at the center's suggestion, posted his resume on the Internet. On June 27, 2014, Schmitty & Sons offered Ricci a non-driving position within his medical limitations for at least 30 hours per week, without requiring him to submit a medical statement, and Ricci accepted the offer on the same day.

The unemployment-law judge found that Ricci was not physically able to perform suitable employment, describing his testimony to the contrary as "not plausible," despite her finding that Ricci later returned to a light-duty job with his former employer. The judge cited the lack of a report from his treating physician stating that he is physically able to work and listing his physical limitations, and the judge required that such a report be submitted before he could be deemed available for suitable employment.

The unemployment-law judge further determined, for a variety of reasons, that Ricci was not actively seeking suitable employment. The unemployment-law judge ruled that the evidence failed to show that Ricci was available for or actively seeking suitable employment from May 11, 2014 through June 30, 2014. After Ricci's request for reconsideration was denied, this appeal by writ of certiorari followed.

3

**D E C I S I O N**

We may affirm the unemployment-law judge's decision or remand it for further proceedings, or we may reverse or modify the decision if the substantial rights of the relator have been prejudiced because the findings, inferences, conclusion, or decision are affected by error of law or are unsupported by substantial evidence in the record. Minn. Stat. § 268.105, subd. 7(d) (2014). Whether an applicant is available for suitable employment or actively seeking suitable employment is a question of fact. *Goodman v. Minn. Dep't of Emp't Servs.*, 312 Minn. 551, 553, 255 N.W.2d 222, 223 (1977). Whether an applicant is eligible for unemployment benefits is a question of law. *Skarhus v. Davanni's Inc.*, 721 N.W.2d 340, 344 (Minn. App. 2006). "Questions of law are reviewed de novo; findings of fact are upheld if they are supported by substantial evidence." *Carlson v. Dep't of Emp't & Econ. Dev.*, 747 N.W.2d 367, 371 (Minn. App. 2008).

The purpose of chapter 268 is to assist those who are unemployed through no fault of their own. Minn. Stat. § 268.03, subd. 1 (2014). "This chapter is remedial in nature and must be applied in favor of awarding unemployment benefits," and any provision precluding receipt of benefits must be narrowly construed. Minn. Stat. § 268.031, subd. 2 (2014).

An applicant for unemployment benefits must meet "all of the ongoing eligibility requirements under section 268.085." Minn. Stat. § 268.069, subd. 1(3) (2014). These requirements include that the applicant must be available for and actively seeking suitable employment. Minn. Stat. § 268.085, subd. 1(4), (5) (2014). First, an applicant who is

4

"ready, willing, and *able* to accept suitable employment" is considered available for suitable employment. *Id.*, subd. 15(a) (2014) (emphasis added). The department concedes, and we agree, that the unemployment-law judge's determination that Ricci was not able to perform suitable employment is not supported by substantial evidence in the record. To the contrary, substantial evidence in the record shows that Ricci was able to perform and was available for suitable employment.

Next, to be eligible for unemployment benefits, an applicant must also be actively seeking suitable employment. *Id.*, subd. 1(5). Such an applicant makes "those reasonable, diligent efforts an individual in similar circumstances would make if genuinely interested in obtaining suitable employment under the existing conditions in the labor market area." *Id.*, subd. 16(a) (2014). Stating several reasons, the unemployment-law judge found that Ricci was not actively seeking suitable employment.

Ricci argues that he followed the department's guidelines for seeking work and that he should be eligible for benefits for the entire period of his unemployment. The department contends that the unemployment-law judge should be affirmed as to the week beginning May 11, 2014, but concedes that the judge should be reversed as to the period from May 18, 2014 through June 30, 2014.

As to the week beginning May 11, 2014, the department argues that Ricci is ineligible because he did not do anything that week to try to find work. We must disagree. The record shows that Ricci spent his time that week consulting with physicians in an effort to resolve his medical problems so that he could renew his medical certificate and resume his job driving a bus. We hold that he is eligible for this week

5

because he made those reasonable, diligent efforts someone in similar circumstances would make when genuinely trying to find suitable work under the existing conditions in the labor market.

As to the period from May 18, 2014 through June 30, 2014, the department concedes that the unemployment-law judge erred by failing to consider the existing conditions in Ricci's labor market area. *See* Minn. Stat. § 268.085, subd. 16(a); *Neumann v. Dep't of Emp't & Econ. Dev.*, 844 N.W.2d 736, 739 (Minn. App. 2014) (holding that unemployment-law judge's failure to identify applicant's labor-market area and to consider existing labor-market conditions were errors of law requiring reversal). Further, the department concedes, and we agree, that Ricci made those reasonable, diligent efforts someone in similar circumstances would make when genuinely trying to find suitable work under the existing conditions in the labor market, and that he actively sought suitable employment from May 18, 2014 through June 30, 2014. Accordingly, Ricci is eligible for benefits for this period of time as well.

The decision of the unemployment-law judge on reconsideration that Ricci is ineligible for unemployment benefits is reversed.

**Reversed.**