*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2143**

Maryanne L. Marcellais,
Relator,

vs.

Prairie Harvest Mental Health,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed July 20, 2015
Affirmed
Willis, Judge***

Department of Employment and Economic Development
File No. 32869585-3

Maryanne L. Marcellais, Ravenswood, West Virginia (pro se relator)

Prairie Harvest Mental Health, Grand Forks, North Dakota (respondent)

Lee B. Nelson, Dennis D. Evans, Department of Employment and Economic Development, St. Paul, Minnesota (for respondent department)

Considered and decided by Reilly, Presiding Judge; Hooten, Judge; and Willis, Judge.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**WILLIS**, Judge

Relator challenges the determination of an unemployment-law judge (ULJ) that she is ineligible for unemployment benefits because she was not available for or actively seeking suitable employment after August 24, 2014, when she voluntarily restricted her job search to part-time positions to accommodate her class schedule. Because the ULJ's findings are supported by substantial evidence, we affirm.

## FACTS

Relator Maryanne Marcellais applied for unemployment benefits with the Minnesota Department of Employment and Economic Development, and she indicated that she was not looking for full-time work because she needed "sufficient time to concentrate" on her studies. Marcellais indicated that her full-time schooling affected her ability to look for or accept a job, and she would "not be available to work or look for other employment" while in school. Based on these answers, the department denied her application because she was not "available for" or "actively seeking" "suitable employment." Marcellais appealed this determination and was afforded a hearing before a ULJ.

Marcellais testified that she was employed full time from October 2012 to June 2013, but she left that job for a part-time position from July to November 2013. She obtained a full-time position a month later, but after four months on the job the company laid her off. Marcellais applied for unemployment benefits and then moved to West Virginia, intending "to be a full-time student" starting in August 2014.

Marcellais testified that at the time of the hearing in September 2014 she was a "full-time" student and thought that she could work only 20 hours each week to accommodate her schooling. She then explained that she previously "misunderstood the question" on her application for unemployment benefits that asked if she was looking for full-time work. She indicated at the hearing that she could work "whatever [DEED] would consider full-time." When the ULJ asked her how many hours she would be willing to work, Marcellais stated, "Oh, I could work 20 I think and still [be] able to keep up with [school]." She later stated that she might be able to manage a position consisting of a maximum of 30 hours each week.

The ULJ determined that Marcellais was not entitled to unemployment benefits starting August 24, 2014, because she was not "available for" or "actively seeking" "suitable employment" since she voluntarily restricted her job search to part-time positions, and part-time employment is not suitable for Marcellais.

Marcellais's certiorari appeal follows.

## D E C I S I O N

Marcellais argues that she was available for and actively seeking suitable employment starting on August 24, 2014, because her class schedule would not prevent her from accepting an offer of suitable employment. "A claimant may further [her] education while unemployed and still receive benefits so long as [s]he meets the statutory requirements for eligibility and the tests for availability." *Goodman v. Minn. Dept. of Emp't Servs.*, 312 Minn. 551, 552, 255 N.W.2d 222, 223 (1977). To be eligible for unemployment benefits, an applicant must be "available for" and "actively seeking"

3

"suitable employment." Minn. Stat. § 268.085, subd. 1(4)-(5) (2014). An individual is

"[a]vailable for suitable employment" when the applicant is

> ready, willing, and able to accept suitable employment. The attachment to the work force must be genuine. An applicant may restrict availability to suitable employment, but there must be no other restrictions, either self-imposed or created by circumstances, temporary or permanent, that prevent accepting suitable employment.
> . . . [T]o be considered "available for suitable employment," a student who has regularly scheduled classes must be willing to discontinue classes to accept suitable employment when:
> > (1) class attendance restricts the applicant from accepting suitable employment; and
> > (2) the applicant is unable to change the scheduled class or make other arrangements that excuse the applicant from attending class.

*Id.*, subd. 15(a)-(b) (2014). An individual is "actively seeking suitable employment" if she engages in "reasonable, diligent efforts an individual in similar circumstances would make if genuinely interested in obtaining suitable employment under the existing conditions in the labor market area." *Id.*, subd. 16(a) (2014). Part-time employment may be "suitable employment" for an applicant if "a majority of the applicant's weeks of employment in the base period includes part-time employment." Minn. Stat. § 268.035, subd. 23a(e) (2014). Whether an applicant is available for suitable employment is a question of fact. *Semanko v. Dep't of Emp't Servs.*, 309 Minn. 425, 428, 244 N.W.2d 663, 665 (1976). Whether an applicant is actively seeking suitable employment is also a question of fact. *McNeilly v. Dep't of Emp't & Econ. Dev.*, 778 N.W.2d 707, 711-12 (Minn. App. 2010). This court will affirm the ULJ's findings of fact if they are supported

4

by substantial evidence. *Peterson v. Nw. Airlines Inc.*, 753 N.W.2d 771, 774 (Minn. App. 2008), *review denied* (Minn. Oct. 1, 2008).

The ULJ found that Marcellais was not "available for" or "actively seeking" "suitable employment" starting August 24, 2014, because "she want[ed] to keep up with her school work" and voluntarily "restricted . . . the number of hours she is willing and able to work." The ULJ found that because a majority of Marcellais's employment during her base period was full time, Marcellais could only be available for or actively seeking "suitable employment" if she was attempting to secure full-time employment. The ULJ found that, because Marcellais limited her search to jobs consisting of no more than 30 hours each week, she was not "actively seeking" or "available for" "suitable employment."

The ULJ's findings are supported by substantial evidence. The ULJ fully accepted Marcellais's own description of the jobs she was searching for, and her testimony is the only evidence in the record concerning the type of employment Marcellais was seeking. The ULJ's findings also mirror the statutory scheme: a student may pursue her schooling and remain eligible for employment, but she may not "restrict" her availability for, and search of, "suitable employment" based on the demands of her schooling. *See* Minn. Stat. § 268.085, subds. 15(a), (b), 16(a); *Goodman*, 312 Minn. at 552, 255 N.W.2d at 223. Marcellais stated that she is serious about pursuing her degree because she believes it will allow her to obtain more rewarding and challenging employment in her chosen profession. While this may be an admirable decision, her own testimony that her class schedule substantially affected her ability to seek out, or remain available for, suitable

5

employment means she is ineligible for benefits. *See* Minn. Stat. § 268.085, subds. 15, 16.

The only challenge that Marcellais raises on appeal to rebut the ULJ's findings is that she misunderstood the question on the application form, and she believes her schooling "does not restrict [her] from accepting or continuing to seek out suitable employment." But this is the same argument that she raised at the hearing. And the ULJ accepted Marcellais's claim that she is seeking *some* kind of employment, even though she originally indicated that she was not. But Marcellais testified that she was searching only for part-time positions because she did not want to abandon her educational goals. The ULJ's findings and the statutory scheme do not contemplate that part-time employment is suitable for Marcellais, and by restricting her search to such positions she is neither "available for" nor "actively seeking" "suitable employment." *See* Minn. Stat. § 268.035, subd. 23a(e). Marcellais's desire to pursue her schooling and search only for part-time positions means that she does not meet "the statutory requirements for eligibility and the tests for availability," and she is therefore not entitled to benefits. *See* *Goodman*, 312 Minn. at 552, 255 N.W.2d at 223.

**Affirmed.**