*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0732**

Keith Carter,
Relator,

vs.

Department of Employment and Economic Development,
Respondent

**Filed January 17, 2016
Affirmed
Worke, Judge**

Department of Employment and Economic Development
File No. 34295119-3

Keith Carter, Minneapolis, Minnesota (pro se relator)

Lee B. Nelson, Tim Schepers, Minnesota Department of Employment and Economic Development, St. Paul, Minnesota (for respondent)

Considered and decided by Bratvold, Presiding Judge; Worke, Judge; and Stauber, Judge.

# U N P U B L I S H E D   O P I N I O N

**WORKE**, Judge

Relator challenges an unemployment-law judge's (ULJ) decision that he is ineligible for unemployment benefits because he was not available for or actively seeking suitable employment. We affirm.

**D E C I S I O N**

Relator Keith Carter challenges a ULJ's decision that he is ineligible for unemployment benefits because he was not available for or actively seeking suitable employment. On review, we may affirm, modify, remand, or reverse the decision of the ULJ if the substantial rights of the relator have been prejudiced because the findings, inferences, or decision are unsupported by substantial evidence. Minn. Stat. § 268.105, subd. 7(d)(5) (2016).

An applicant is ineligible for unemployment benefits if he was not available for suitable employment or actively seeking suitable employment. Minn. Stat. § 268.085, subd. 1(4), (5) (2016). Whether an applicant is available for suitable employment and actively seeking suitable employment are questions of fact. *Goodman v. Minn. Dep't of Emp't Servs.*, 312 Minn. 551, 553, 255 N.W.2d 222, 223 (1977). This court reviews the ULJ's findings of fact in the light most favorable to the decision and will not disturb them if they are supported by substantial evidence. *Stassen v. Lone Mountain Truck Leasing, LLC*, 814 N.W.2d 25, 31 (Minn. App. 2012). But a ULJ's determination of ineligibility is a question of law reviewed de novo. *Id.* at 30.

*Available for suitable employment*

An applicant is available for suitable employment when he is "ready, willing, and able to accept suitable employment. The attachment to the work force must be genuine. An applicant may restrict availability to suitable employment, but there must be no other restrictions, either self-imposed or created by circumstances, temporary or permanent, that prevent accepting suitable employment." Minn. Stat. § 268.085, subd. 15(a) (2016). An

2

applicant whose physical condition negatively impacts his or her ability to work is not exempt from the requirement that he or she be available for suitable employment. *See Mueller v. Comm'r of Econ. Sec.*, 633 N.W.2d 91, 92-94 (Minn. App. 2001) (concluding that relator was not "available for employment" because of medical restrictions).

Here, in June 2015, Carter established an unemployment-benefit account. In July, Carter began receiving job assignments from Atlas Staffing. After an audit of Carter's benefit account showed that he received unreported wages while he was making his weekly-benefit-payment request, respondent Department of Employment and Economic Development issued a determination of ineligibility. Carter appealed, claiming that he was "afflicted by chronic issues that compromise[d] [his] mobility." Following a hearing, the ULJ found that Carter was not available for suitable employment because of a medical condition. Carter counters that "there was no confirmed disability." However, his testimony from the hearing supports the ULJ's finding.

Carter testified that he was diagnosed with "severe degenerative changes" in his spine and "severe radiculopathy," which is a "squeezing of the nerve which compresses . . . and restricts . . . movement." Carter testified that when he moved to the Twin Cities in 2013, he was experiencing "high intensity pain" that compromised his mobility so much that he was "a hermit for anywhere between three to five days a week." His doctor told him that he should not be working.

Carter testified that he was "working against doctor's orders" and that his condition is "exhausting" and "extremely debilitating especially when [he's] trying to work." Carter testified that his work history is primarily "labor [and] warehousing," fairly physical jobs.

3

But he testified that he has weight and standing restrictions. Carter testified that he needed to understand if he could still work, because he has "not been able" to because he "essentially [had] a new body." Carter testified that he sought temporary work because he wanted the "opportunity to continue to test [his] body to see if [he] can still work."

Carter's testimony substantially supports the ULJ's finding that he has not been available for suitable employment because of his medical condition.

### Actively seeking suitable employment

> "Actively seeking suitable employment" means those reasonable, diligent efforts an individual in similar circumstances would make if genuinely interested in obtaining suitable employment under the existing conditions in the labor market area. Limiting the search to positions that are not available or are above the applicant's training, experience, and qualifications is not "actively seeking suitable employment."

Minn. Stat. § 268.085, subd. 16(a) (2016). "Actively seeking a suitable job assignment or other employment with a staffing service is considered actively seeking suitable employment." *Id.*, subd. 16(d) (2016). While there is no bright-line definition of what constitutes actively seeking suitable employment, caselaw indicates that merely looking at employment listings, contacting acquaintances, and applying for a few positions may be insufficient to show that an applicant is actively seeking suitable employment. *See Pyeatt v. State, Dep't of Emp't Servs.*, 263 N.W.2d 394, 395 (Minn. 1978) (job search inadequate when relator applied for six or seven positions over an eight-month period); *Monson v. Minn. Dep't of Emp't Servs.*, 262 N.W.2d 171, 172 (Minn. 1978) (job search inadequate when relator researched an employment data bank, regularly consulted professional journals and newspaper notices, and applied for two or three positions in his field, but failed

4

to explore other positions over a two-month period); *James v. Comm'r of Econ. Sec.*, 354 N.W.2d 840, 841-42 (Minn. App. 1984) (job search inadequate when relator made phone contact with four employers and visited a job-service office twice over a three-week period), *review denied* (Minn. Dec. 20, 1984).

The ULJ found that Carter's testimony established that, over a six-month period, he applied for only four jobs and limited his job search due to his medical condition. Carter argues on appeal that he "actively looked for work daily, weekly, [and] monthly," and consistently requested assignments from Atlas.

Carter testified that since he lost his job in June he "only applied for maybe like four, maybe five jobs" because he was mainly focusing on whether he was physically able to work. Carter applied at a transitional group home in Chicago, a boys' and girls' home in Chicago, and for three front-desk jobs. Carter also testified that his work assignments from Atlas were "very infrequent" and that while he was "occasionally" working there he was not "actually getting any calls from anyone else."

Carter's testimony supports the ULJ's finding that he was not actively seeking suitable employment. The ULJ did not err in determining that Carter is ineligible for unemployment benefits.

**Affirmed.**